IN THE

# Supreme Court of Georgia,

## AT ATLANTA.

## JULY TERM, 1874.

PRESENT—HIRAM WARNER, CHIEF JUSTICE.
H. K. McCAY, } JUDGES.
ROBERT P. TRIPPE, }

WILLIAM TOMLINSON et al., plaintiffs in error, vs. ELIZA-
BETH DRIVER, defendant in error.

1. Where complaint for land was brought by certain heirs-at-law, against
the defendant, and their right to recover depended·upon the question
as to whether the husband of the defendant, when in life, held as ten-
ant of plaintiffs' ancestor, the defendant, claiming under her deceased
husband, is placed in the same position which he would have occupied,
and is therefore incompetent to testify as to the character of his pos-
session.

2. Where the verdict was required by the testimony independent of ille-
gal evidence which had been admitted, a new trial will not be ordered.

3. Prior to this action, the plaintiffs having sued out a warrant against
the defendant as a tenant at sufferance, to obtain possession of the
land, and the defendant having filed an affidavit denying such tenancy,
and a verdict having been returned in her favor, the judgment based
thereon was conclusive of the fact that she did not hold possession as
their tenant or as the tenant of their ancestor.

Witness. New trial. Judgment. Ejectment. Evidence.
Possession. Before Judge KIDDOO. Schley Superior Court.
October Adjourned Term, 1873.

VOL. LIII. 2.

For the facts of this case, see the decision.

J. A. ANSLEY ; C. T. GOODE, for plaintiffs in error.

No appearance for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiffs against the defendant in the statutory form, to recover the possession of a tract of land in Schley county. On the trial of the case, the jury found a verdict for the defendant. A motion was made for a new trial, on the several grounds set forth therein, which was overruled by the court, and the plaintiffs excepted. It appears from the evidence in the record that the plaintiffs are the heirs-at-law of George Driver, deceased, in whom was the legal paper title to the land sued for. The defendant claims under her deceased husband, Isaac Driver, who died in possession of the land, but showed no paper title to the land in him. Although Isaac Driver was in possession of the land for several years before his death, the plaintiffs insist that he held such possession only as the tenant of George Driver, their deceased ancestor. On the trial, the defendant was offered as a witness to prove that her husband, Isaac Driver, did not hold possession of the land as the tenant of George, who had the paper title to the land, but claimed the land in his own right under a contract made with Leonard Driver. This evidence of the defendant was objected to on the ground that George Driver was dead. The court overruled the objection and admitted her to testify, and this is the main ground of error which was urged on the argument here.

1. Was the defendant a competent witness under the provisions of the 3854th section of the Code? The main issue on trial in this case, was whether Isaac Driver, the husband of the defendant, held possession of the land as the tenant of George Driver, who had the paper title, or not, and that depended on the relation which existed between them, in respect to that possession. George is dead and cannot testify as to

Tomlinson *et al. vs.* Driver.

that relation, and he being dead, Isaac, if living, could not have testified in his own favor against him, and the defendant, claiming under Isaac, stands in no better condition than he would have done.  She is as much the other party to the issue on trial, in legal contemplation, as Isaac Driver, under whom she claims, would have been, if in life, and had been offered as a witness to testify in his own favor, consequently, she cannot be admitted to testify in her own favor as to the relation in which Isaac held possession of the land from George.  This case comes within the principle decided in *Veal vs. Veal*, 45 *Georgia Reports*, 511.  In our judgment, the court erred in allowing Mrs. Elizabeth Driver to testify in her own favor as to the manner in which Isaac Driver, her husband, held possession of the land under George Driver, and denying that he held possession thereof, as the tenant of George who had the paper title to the land.  In view of the fact that our evidence act holds out to parties a strong temptation to testify in their own favor, even when the title to land is involved, we are not disposed to extend its provisions beyond the strict letter thereof in admitting their testimony.

2. In looking through the record, we find there is sufficient evidence to have required the verdict which the jury found, wholly independent of the illegal evidence of Elizabeth Driver.

3. It appears that in October, 1870, the plaintiffs, as the heirs-at-law of George Driver, sued out a warrant under the statute to obtain the possession of the land in dispute, against Elizabeth Driver, alleging therein that she was in possession of said land as a tenant by sufferance, and demanded possession thereof.  Elizabeth Driver filed her counter-affidavit, in which she alleged she did not hold possession of said land as tenant, either by lease, rent, at will, or by sufferance, from the heirs-at-law of George Driver, or from any person under whom they claimed the premises.  On the trial of this issue, the jury found a verdict for the defendant, and a judgment was entered thereon in favor of the defendant against the plaintiffs for the costs in that proceeding.  It appears from the evidence that Isaac Driver, under whom the defendant claimed, had been

in possession of the land since 1834, up to the time of his death in 1847, and the defendant had continued in possession ever since. The material question, therefore, was whether she held possession of the land as the tenant of George Driver or those claiming under him, either by sufferance or otherwise, and the verdict and judgment on the trial of the issue made by the possessory warrant proceedings, was conclusive as to the fact that she did not hold possession of the land as their tenant, or as the tenant of George Driver, under whom they claimed, and, that being so, the plaintiffs were not entitled to recover.

Let the judgment of the court below be affirmed.