## HAMMOND v. THORNTON.

1. When proceedings are duly instituted in a court having jurisdiction or the parties and of the subject-matter, by one as the owner of certain land, to dispossess therefrom another alleged to be in wrongful possession of the land by holding the same after his term of rental from such owner has expired, and as a defense to such proceedings the defendant avers that he

is not the tenant of the plaintiff but that he is in possession of the premises under bond for titles from the plaintiff and has fully paid for the land, a judgment of the court, awarding possession of the property to the plaintiff, is conclusive between the parties, not only on the issue as to the relationship existing between them, but also on the question of defendant's equitable title growing out of the payment of the purchase-money. Especially are these issues res judicata between the parties when it appears the defendant abandoned his defense, consented to the judgment, and delivered possession of the land accordingly.

2. On the trial of a suit subsequently brought by such defendant against the plaintiff for specific performance, claiming full payment of the purchase-money on the obligation of the plaintiff under bond for titles and that a deed should be made to him to the premises in dispute, founded on the existence of no new facts developed since the trial of the dispossessory warrant, and the facts above recited being made to appear without contradiction, a verdict finding a certain sum of money for the plaintiff in the latter suit is contrary to law and evidence.

Argued March 23,—Decided April 20, 1899.

Equitable petition. Before Judge Kimsey. Hall superior court. January term, 1898.

*Fletcher M. Johnson*, for plaintiff in error.
*Wilford B. Sloan*, contra.

LEWIS, J. Lawrence Thornton brought suit in Hall superior court against W. O. Hammond, the petition making substantially the following case: Plaintiff bought of defendant a certain tract of land for which he gave his notes for the purchase-money, receiving from defendant a bond for titles. Petitioner claimed that he had not only fully paid off these notes, but that he had overpaid the same by over $200, being an ignorant man and being induced by the fraudulent representations of the defendant thus to continue payments beyond the obligations of his notes. He prayed for a specific performance of the contract with defendant, that defendant be required to make him a deed to the premises, and that he recover the amount paid in excess of the purchase-money. The defendant denied his liability for any sum whatever, claiming that plaintiff had never paid the purchase-money, that the contract had been rescinded between them, and that plaintiff had given up the land to the defendant and rented the same from him. The defendant also specially pleaded that after this contract of

rental was entered into, he sued out a dispossessory warrant against the plaintiff as his tenant, by virtue of which the possession of the premises was awarded to the present defendant Hammond. The jury returned a verdict in the present case in favor of the plaintiff for the sum of $46.52 and costs of suit, and further found that the land remain the land of the defendant. Whereupon the defendant moved for a new trial, on the ground that the verdict was contrary to law and the evidence; and movant assigns error on the judgment of the court overruling his motion.

It appears from the testimony in the record, that both parties were ignorant and uneducated; that there was quite a conflict between them as to the amount of the payments which had been made upon the purchase-money notes; that the plaintiff in error, the defendant below, was a man of good character; that he had reliable persons to make entries of credits on the notes when payments were made, and, after partial payments for several years, had them make calculations of the balance due. Having informed the defendant in error of this balance, a written agreement was entered into between them on November 13, 1894, whereby the defendant in error agreed to relinquish to the plaintiff in error all his claim to the land in question and to give him full possession of the place, the notes at the same time being delivered up by the plaintiff to the defendant. On the same day, following this agreement, another was entered into between the parties, whereby it was stipulated that Hammond had rented the place that day to Thornton for the year 1895, the amount of the rent to be paid being specified in the contract. On October 9, 1895, Hammond foreclosed his distress warrant for rent, to which Thornton filed his counter-affidavit, denying that he was indebted to Hammond in any amount for rent, and alleging that the relation of landlord and tenant did not exist between them, and that he was not holding under Hammond, but was holding in his own right. On January 1, 1896, Hammond swore out a dispossessory warrant against Thornton for the possession of the premises, on the ground that Thornton, after the expiration of the time for which the land was rented, refused to deliver the pos-

session of the same to Hammond. To this proceeding Thornton filed his counter-affidavit, alleging that he was not a tenant of Hammond, that he was holding possession of the land under a bond for titles from Hammond, and that he was advised and believed that he had fully paid for the land. The issue thus made came up for a hearing in the superior court, where the following judgment was rendered on January 31, 1896: "The defendant Lawrence Thornton abandoning this suit, and agreeing to give immediate possession of the premises, it is ordered that he give possession to W. O. Hammond immediately, and that counsel for W. O. Hammond have leave to sign judgment for costs against the dft. and security." This was signed by the judge of the superior court, and a judgment was entered up by Hammond's attorneys accordingly.

It does not appear from the record in this case that since the trial of this dispossessory warrant any new facts had developed or any change in the relation of the parties had taken place, of such a nature as to give the defendant in error any more right to claim title to or equity in the land when he filed the present suit than he had when his rights were adjudicated under the dispossessory warrant; nor is it claimed that when the first case was tried he was even ignorant of any fact that he afterwards discovered and which induced him to bring the present action against Hammond. It will be seen from the pleadings in the dispossessory warrant case that the identical issue of fact was there made between these same parties as is now presented in the present proceedings, namely, that Thornton was not only not the tenant of Hammond, but that he had paid Hammond all the purchase-money of the land. We think the judgment rendered in that case was necessarily conclusive of the facts thus put in issue. See *Tomlinson* v. *Driver*, 53 *Ga.* 9. The fact that Thornton had abandoned his defense in the former case and had consented to the judgment entered therein does not alter the case or change the effect of the judgment. He is just as much bound by it as if he had gone to trial on the merits before the court, which was one of competent jurisdiction to try his rights touching his interest in or title to the property. See *Webster* v. *Dundee Mortgage Co.*, 93 *Ga.* 278; *Williams* v. *Cheatham*, 99 *Ga.* 301.

We doubt very much whether there was evidence in this case sufficient to authorize the jury, in any view of the case, to set aside the settlement between these parties by virtue of which the original contract of sale was rescinded. This is besides a very peculiar verdict, considering the issues involved, plaintiff below claiming that he had more than paid off the purchase-money, and asking that title to the premises be decreed to be in him and that he have judgment for the overpayment. The jury found the title to the premises to be in the defendant below, but returned a verdict for a small amount in favor of the plaintiff. We are quite confident, however, that the verdict is contrary to law and evidence, in view of the previous adjudication of the rights of these parties touching the issues presented by this record.

*Judgment reversed. All the Justices concurring.*