ZELLARS *v.* ORR, administratrix.

ATKINSON, J. 1. In a suit by an administratrix against an heir at law of the intestate, where there was an issue as to whether one of several notes sued upon was paid during the lifetime of the intestate, testimony of the defendant as a witness in his own behalf, to the effect that during the life of the intestate the note was after maturity in the possession of the defendant, held as his own property, had reference to a transaction with the deceased which the latter could have rebutted, denied, or explained if alive, and the witness was incompetent to give such testimony. *Hill* v. *Merritt,* 146 *Ga.* 307 (91 S. E. 204).

2. On the trial there was an issue as to whether the defendant was indebted to the plaintiff on two designated promissory notes, which among others were alleged to have been executed and delivered to the plaintiff's intestate, T. E. Zellars, many years before his death. The notes were not produced, and the plea denied that any such notes ever existed, and alleged that if they ever existed they were not under seal and were barred by the statute of limitations. There was no evidence that any notes of the description alleged went out of the possession of the plaintiff's intestate during his life without his knowledge or consent. Under these circumstances, it was erroneous to charge: "If you should believe from the evidence in this case that the notes about which I have instructed you were executed by T. M. Zellars, and were under seal and have not been paid, I charge you that the fact, if it existed, that they were not in the possession of T. E. Zellars at the time of his death, for the reason, if the evidence or circumstances, if any, show that such notes had gone out of the possession of said T. E. Zellars without his knowledge or consent, then I charge you that such fact, if it existed, would not alter the liability on the notes."

3. Error was assigned upon certain rulings of the court on the admissibility of evidence which related only to other specified charges of indebtedness against the defendant, for which a verdict was returned for the plaintiff, and after return of the verdict so much thereof as was based upon such evidence was written off by the plaintiff, thus removing the effect of any error in the rulings complained of.

4. The judgment is reversed only in so far as it relates to the two promissory notes referred to in the first and second divisions, supra;

and under authority conferred by the Civil Code, § 6205, upon this court, direction is given that on another trial the issues be limited to the right of the plaintiff to recover on the basis of such indebtedness.

*Judgment reversed. All the Justices concur.*

No. 107. FEBRUARY 12, 1918. REHEARING DENIED FEBRUARY 25, 1918.

Equitable petition. Before Judge Freeman. Coweta superior court. December 30, 1916.

*Hall & Jones* and *Little, Powell, Smith & Goldstein,* for plaintiff in error.

*Smith, Hammond & Smith* and *W. C. Wright,* contra.