## GARRICK *et al. v.* TIDWELL.

1. In a statutory proceeding for summary eviction of a tenant the defendant may repel the charge that he is a tenant, by proving, under his plea by counter-affidavit, that he is the equitable owner of the land under a parol gift from the alleged landlord. When on the trial of the issue so formed the question of title is actually decided by the superior court, the judgment therein rendered may be pleaded in estoppel to an action of complaint for land between the same parties or their privies.

2. A judgment in such proceeding cannot be so pleaded while it is under review in the Court of Appeals; but after its affirmance by the reviewing court, and after that court's judgment has been made the judgment of the superior court, it may be pleaded as an estoppel in other cases between the same parties, involving the same question. That such plea (filed when the eviction case was within the jurisdiction of the reviewing court) was stricken on the trial of the action of complaint for land, and that this ruling was not excepted to, did not prevent the defendant from so amending his answer as to set up the estoppel, after the judgment of the reviewing court was made that of the superior court.

3. An assignment of error on the admission in evidence of an administrator's deed, over objection that the land was held adversely to the administrator at the time of his sale, is not sufficient to show error in the ruling, where the fact stated in the objection is not shown by the deed or by any evidence set out in the assignment of error.

4. The ruling of this court on former writ of error, as to incompetency of defendants to testify in their favor as to transactions and communications with decedent, is controlling; the records not being substantially different in this respect.

5. Defendant was incompetent to testify that he placed valuable improvements on the land sued for, during the lifetime of his alleged donor, of whom the plaintiff was the "personal representative;" as this testimony referred to "a transaction" with the decedent which he could, if alive, have rebutted, denied, or explained. (Two JJ. dissent.)

6. No cause for new trial appears in the remaining exceptions not specifi-

cally dealt with; and no ruling is made on the sufficiency of evidence to authorize direction of verdict.

No. 2045. FEBRUARY 16, 1921. ADHERED TO ON REHEARING, MARCH 5, 1921.

Complaint for land. Before Judge Humphries. Meriwether superior court. March 20, 1920.

In connection with the facts appearing in the former report of this case (149 *Ga.* 291) it is proper to add here that the plea of estoppel, dealt with in the first and second divisions of the decision, alleged in substance as follows: On January 5, 1916, the plaintiff made an affidavit to evict the defendant, Garrick, from the land sued for, averring that it was her property and that Garrick was a tenant holding the premises over and beyond the term for which they were rented to him. Upon this affidavit a warrant of eviction issued. Garrick made the bond required by law, and filed a counter-affidavit averring that he did not hold the premises from the plaintiff or from any one under whom she claimed, either as alleged in her affidavit or otherwise. The affidavit, warrant, bond, and counter-affidavit were returned to the superior court, where the case was tried. In that trial the plaintiff contended, and offered evidence tending to show, that the title to the land was in her; that she was the sole heir of her deceased husband, J. A. J. Tidwell; that the land belonged to her husband at the time of his death; and that at said time Garrick was the tenant of said decedent. Under his counter-affidavit Garrick contended, and offered evidence to show, that, if he was ever the tenant of the decedent, his tenancy terminated on the death of Tidwell; that, many years before that event, a verbal contract was made between Tidwell and Garrick and his wife, Mattie Garrick, by the terms of which Tidwell gave the land to Garrick and his wife and put them in possession of it; that they were to improve it and treat it as their own, and to pay Tidwell rent for it so long as he should live, and at his death the obligation to pay rent should cease; and that in pursuance and on the faith of this agreement they took possession of the land and made valuable improvements on it. At the conclusion of evidence and argument of counsel the court submitted the case to the jury solely on the issue of ownership of the land, that being the only issue made by the evidence. The jury returned a verdict finding said issue in favor of the defendant; upon which a judgment was duly entered. Thereupon the plaintiff made a motion for a new trial; on which a brief of the evidence was duly approved. Upon hearing the motion was

overruled; and the plaintiff sued out a bill of exceptions to the Court of Appeals, wherein upon hearing the judgment of the superior court was affirmed, which judgment on remittitur was in due course made the judgment of that court. The matters of record heretofore mentioned are of file in this court, and by reference are made a part of this plea, and defendant will produce them when and as often as required. The land sued for in this case is the same land as is heretofore described; the issue as to its ownership in the pending case is the same issue that was tried and determined in said former case adversely to the plaintiff and in favor of the defendant; it was the sole issue therein determined, and had of necessity to be determined therein before the court could give judgment. Wherefore the plaintiff has had her day in court upon the question of the ownership of said land, and by the judgment rendered in said former suit she is now estopped to call it in question.

The judge presiding sustained a demurrer to this plea, on two grounds: (1) That the issue formed by the affidavit for warrant of eviction and the counter-affidavit was that of tenancy or no tenancy, and that it could not be broadened to an issue (of title) not involved by the pleadings in the eviction case. (2) That on the previous trial of the present case the judge then presiding sustained a motion to strike a paragraph of the original answer raising the same issue and setting up substantially the same defense, which was an adjudication between the parties that the subject-matter of the plea of estoppel could not be pleaded in this case. It appears that the present action was begun on January 15, 1917, and that the original answer was filed on February 6, 1917, before the remittitur containing the judgment of the Court of Appeals (21 *Ga. App.* 529) was transmitted to the superior court.

The grounds of the motion for new trial, referred to in the fourth, fifth, and sixth divisions of the decision, were in brief substance as follows: (4) Error: (*a*) In refusing to allow Garrick to testify that when Tidwell put him and his wife in possession of the land the place was dilapidated; that Tidwell told them, if they would go there and take possession and pay him six bales of cotton a year until his death, the place should be theirs; that Garrick was to improve it and put up any buildings he decided to put, at any cost; and that he was unlimited about the clearing. (*b*) In refusing to allow Mrs. Mattie Garrick to testify: " I know about

the terms of the contract that was agreed on in 1892, when we moved on the place. . . I heard Uncle Arch [Tidwell] and Mr. Garrick talking about it. He wanted us to go there and make it our home and give him six bales a year as long as he lived, and it was ours, and improve the place and · . . do anything we wanted to. . . I heard him say several times it was to be ours. We were to give him six bales of cotton a year as long as he lived. He told us that the contract was, we were to go there and have unlimited authority to treat the property just as if it was our own, and pay him six bales of cotton a year until [his] death, and then the land would be ours." And in refusing to allow Garrick to testify: "As long as he [Tidwell] lived I paid him six bales of cotton per year, according to the contract." (5) Error in refusing to allow Garrick to testify specifically to what buildings and other improvements he had put upon the land; and in refusing to allow him to testify that nobody but himself had made any improvements on the place since he went there, and that he had borne all of the expense. (6) Error: (a) In withholding from the jury the testimony of Garrick, of what he told the plaintiff about the contract between him and her husband; permitting him to testify that " she told me she understood it; everything is all right; that I need not fear narry moment of my life," but excluding what he said to her in the conversation, thus making it impossible for her disconnected statements in the conversation " to show any intelligence or to convey any information to the court and jury." (b) In refusing, on motion, to rule out, as irrelevant, immaterial, and a conclusion of the witness, the testimony of the plaintiff that " Mr. Garrick and his wife were living on that land as tenants. He had been my husband's tenant on that land somewhere between twenty-five and thirty years. He paid six bales of cotton a year for that land." (c) In using, while the jury were excluded from the court-room, the following language from the bench, in connection with the argument of counsel: " The law that applies in this case, that permits parties to enforce a parol contract of land where the donor or grantor is dead, is in my opinion a bad law and should be abolished and repealed by the legislature. There was a bill introduced in the legislature to do so, but it failed to pass. While I am personally opposed to the law, I think that I can give you a fair trial." (d) In directing the verdict, instead of submitting the issue to the jury.

*N. F. Culpepper, Hatchett & Hatchett, R. W. Freeman,* and. *Troutman & Freeman,* for plaintiffs in error, cited, on the question of estoppel (in addition to the citations in the decision): *Draper* v. *Medlock,* 122 *Ga.* 234 (50 S. E. 113, 69 L. R. A. 483, 2 Ann. Cas. 650); *Callaway* v. *Irvin,* 123 *Ga.* 344; *Brown* v. *Bonds,* 125 *Ga.* 833; *Bonds* v. *Brown,* 133 *Ga.* 451; 15 R. C. L. 976, 1012, §§ 429, 430, 450, 451; 23 C. J. 1304; 23 Cyc. 1233, 1242 (g); Outram v. Morewood, 3 East, 346; Freem. Judg. § 252; Cromwell *v.* County of Sac, 94 U. S. 351 (24 L. ed. 195); Davis *v.* Brown, 94 U. S. 423 (24 L. ed. 204); Brack *v.* Boyd, 211 Ill. 290 (71 N. E. 995, 103 Am. St. R. 200); Harrington's Estate, 147 Cal. 124 (81 Pac. 546, 109 Am. St. R. 118); *Price* v. *Carlton,* 121 *Ga.* 12 (48 S. E. 721, 68 L. R. A. 736); *Linton* v. *Harris,* 78 *Ga.* 265; *Johnson* v. *Lovelace,* 61 *Ga.* 62; Civil Code, §§ 4325, 4326, 5820, 5943; Parker *v.* Leggett, 13 Rich. (34 S. C. Eq.) 172 (94 Am. D. 160); Shettlesworth *v.* Hughey, 9 Rich. (30 S. C. Eq.) 387; Campbell *v.* Cross, 39 Ind. 155; Williams *v.* Hacker, 16 Colo. 113 (26 Pac. 143); Rhodes *v.* Metropolis, 36 Ill. App. 123; Osgood *v.* Thorn, 63 N. H. 375; Citizens Bank *v.* Snyder, 181 Iowa, 11 (162 N. W. 6); Herschbach *v.* Cohen, 207 Ill. 517 (69 N. E. 932, 99 Am. St. R. 233); Jackson *v.* Lodge, 46 Cal. 28; Haskins *v.* Haskins (Ky.), 64 S. W. 5; Miles *v.* Caldwell, 69 U. S. 35 (17 L. ed. 755); Wash. &c. Packet Co. *v.* Sickles, 65 U S. 333 (16 L. ed. 650).

*H. A. Allen* and *R. R. Arnold,* contra, cited; *Evans* v. *Birge,* 11 *Ga.* 265, 272; *Patrick* v. *Cobb,* 122 *Ga.* 80; *Hayes* v. *Hayes,* 137 *Ga.* 362; *Crawford* v. *Crawford,* 139 *Ga.* 394; *Bonds* v. *Brown,* 133 *Ga.* 451; *Hunter* v. *Davis,* 19 *Ga.* 413; *National Bank* v. *Southern Porcelain Co.,* 59 *Ga.* 165; *Winkles* v. *Simpson Grocery Co.,* 138 *Ga.* 483, 487; *Henderson* v. *Fox,* 80 *Ga.* 479; *Bradley* v. *Johnson,* 49 *Ga.* 412; *McFarland* v. *Freeman,* 7 *Ga.* 211; *Christian* v. *Benn,* 7 *Ga.* 434; *Mays* v. *Compton,* 13 *Ga.* 269; *Russell* v. *Slaton,* 25 *Ga.* 193; *Brooking* v. *Dearmond,* 27 *Ga.* 58; *Sprayberry* v. *Atlanta,* 87 *Ga.* 120; *Arnold* v. *Water Power &c. Co.,* 147 *Ga.* 91; *Missouri Ins. Co.* v. *Lovelace,* 1 *Ga. App.* 448; Civil Code, §§ 4335, 5820, 6510; DeSollar *v.* Hanscome, 158 U. S. 216 (15 Sup. Ct. 816, 39 L. ed. 956); Hubbell *v.* U. S., 171 U. S. 203 (18 Sup. Ct. 828, 43 L. ed. 136); Ransom *v.* Pierre, 101 Fed. 665; Oregonian Ry. Co. *v.* Oregon Ry., 27 Fed. 277; Moore *v.* Williams, 132 Ill. 589 (22 Am. St. R. 563, 24 N. E. 619), and cit.; Willard *v.*

Ostrander, 51 Kans. 481 (37 Am. St. R. 294, 32 Pac. 1092);
Smith v. Schreiner, 86 Wis. 19 (39 Am. St. R. 869, 56 N. W. 160);
Reese v. Damato, 44 Fla. 692 (33 So. 462); Merriam v. Whitte-
more, 5 Gray (Mass.), 316; Garvin v. Dawson, 13 Serg. & R.
(Pa.) 246; Collier v. Alexander, 142 Ala. 422 (38 So. 244);
Sullivan v. Ringler, 69 App. Div. 388 (74 N. Y. Supp. 978);
Creighton v. Keith, 50 Neb. 810 (70 N. W. 406); Curtis v. Donnell,
3 Mont. 211; Small v. Reeves, 25 Ky. L. R. 729 (76 S. W. 395);
People ex rel. Arns v. Rickert, 159 Ill. 496 (42 N. E. 884); Buch-
anan v. Logansport &c. Co., 71 Ind. 265; Burgess v. Poole, 45 Ark.
373; Rockwell v. Lake County Dist. Ct., 17 Colo. 118 (29 Pac.
454); Warder v. Rivers, 64 Iowa, 412 (20 N. W. 739); Spokane
&c. Co. v. Spokane County, 75 Wash. 72 (134 Pac. 688); Boynton
v. Chicago Mill &c. Co., 84 Ark. 203 (105 S. W. 77); *Richmond
Hosiery Mills* v. *W. U. Tel Co.,* 123 *Ga.* 216; *Cross* v. *Coffin-
Fletcher Co.,* 123 *Ga.* 820; *Ga. Nor. Ry. Co.* v. *Hutchins,* 119 *Ga.*
504; *Kelly* v. *Strouse,* 116 *Ga.* 872; *Jordan* v. *Jordan,* 34 *Ga.* 47;
*Fain* v. *Hughes,* 108 *Ga.* 537; *Ferguson* v. *Carter,* 8 *Ga.* 524;
*Hawkins* v. *Studdard,* 132 *Ga.* 265 (63 S. E. 852, 131 Am. St. R.
190); *Dodson* v. *So. Ry. Co.,* 137 *Ga.* 583; *Murphey* v. *Creamer,*
10 *Ga. App.* 593, 596; *Equitable Mfg. Co.* v. *Hill-Atkinson Co.,*
17 *Ga. App.* 494.

ATKINSON, J. 1. A judgment of the superior court in a statu-
tory proceeding for the eviction of a tenant holding over, com-
menced and tried under the provisions of the Civil Code, §§ 5385-
5388, providing for summary eviction of tenants holding over, fail-
ing to pay rent when due, or tenants at will or sufferance refusing
to deliver possession when the same is duly demanded, is conclusive
between the parties and their privies in estate. In such a case the
defendant may repel the charge that he is tenant, by proving that
he is equitable owner of the land, under a parol gift from the alleged
landlord. When that is done and the issue as to title is actually
decided, the judgment based on such issue may be pleaded in estop-
pel in an action of complaint for land between the same parties
or their privies. *Tomlinson* v. *Driver,* 53 *Ga.* 9; *Hammond* v.
*Thornton,* 107 *Ga.* 259 (33 S. E. 183); *Irvin* v. *Spratlin,* 127 *Ga.*
240 (55 S. E. 1037, 9 Ann. Cas. 341), and cases cited. If the
decision in *Jordan* v. *Jordan,* 103 *Ga.* 482 (30 S. E. 265), is in
conflict with that in the case of *Tomlinson* v. *Driver,* supra, it must

yield to the older decision, which has been followed by other decisions of this court.

2. A judgment of the superior court in a proceeding under the statutes mentioned in the preceding division can not be pleaded as an estoppel while it is under review in the Court of Appeals. But where such a judgment has been carried for review to the Court of Appeals and affirmed by that court, and the decision of the reviewing court made the judgment of the trial court, the judgment so reviewed may then be pleaded as an estoppel in other cases between the same parties involving the same question. The judgment unexcepted to, striking paragraph 10 of the original answer setting up as an estoppel the judgment in the dispossessory proceeding while that judgment was on review in the Court of Appeals, will not estop the defendant from amending the answer in such manner as to set up the judgment in the dispossessory proceeding as an estoppel after that judgment has been affirmed by the Court of Appeals and the judgment of the reviewing court made the judgment of the trial court. It was erroneous to strike the amendment to the plea, setting up the judgment in estoppel after it was affirmed by the Court of Appeals and the judgment of the reviewing court had been made the judgment of the trial court.

3. A ground of a motion for new trial should be complete within itself. When such a ground complains of the admission in evidence of an administrator's deed, on the ground that the land was held adversely to the administrator at the time of the sale, and the deed does not show such fact, and no evidence is set out in the ground of the motion for new trial showing the fact, the objection to the admission of the deed is insufficient to require its exclusion.

4. When this case was before the Supreme Court on a former occasion (*Tidwell* v. *Garrick,* 149 *Ga.* 290, 99 S. E. 872), it was held in effect, that the plaintiff was the " personal representative " of her deceased husband, within the meaning of the Civil Code, § 5858, relating to the competency of witnesses to testify, and that the defendants were incompetent to testify in their own behalf as to " transactions and communications " with the decedent. The record on that subject, while more elaborate, is not substantially different from what it was on the former trial; and the decision above mentioned is controlling. It is argued in the briefs of counsel for the plaintiffs in error that the record is substantially dif-

ferent; but this contention is not borne out by comparison of the records of file in this court. The motion for rehearing, which was denied by this court, stressed the same facts and reasons which are now relied on for a different ruling.

5. In an action involving title to land, instituted by the "personal representative" of a decedent against one who sets up a parol gift of the land by the decedent and the making of valuable improvements on the land in pursuance of the alleged gift, testimony of the defendant, to the effect that during the life of the donor he had placed valuable improvements on the land, had reference to "a transaction" with the decedent which the latter could have rebutted, denied, or explained if alive; and the defendant was incompetent to give such testimony as a witness. Civil Code, § 5858; *Zellars* v. *Orr,* 147 *Ga.* 607 (95 S. E. 6) ; *Hill* v. *Merritt,* 146 *Ga.* 307 (91 S. E. 204) ; *Chamblee* v. *Pirkle,* 101 *Ga.* 790 (29 S. E. 20). The case of *Walker* v. *Neil,* 117 *Ga.* 733 (3), 738 (45 S. E. 387), refers to improvements made after the death of the donor. The present case differs on its facts from *Nugent* v. *Watkins,* 129 *Ga.* 382 (58 S. E. 888), in which there was no question as to a gift or other transaction between the deceased and the witness, and where it was held that independent physical facts, which do not involve any communication or transaction with the decedent, are not within the rule excluding such communications and transactions.

6. Other grounds of the motion for new trial, relating to admissibility of evidence, and certain remarks of the court made out of the presence of the jury, show no error and are not of such character as to require elaboration. As the judgment of the trial court will be reversed on account of the ruling striking the amendment to the defendants' answer, no ruling will be made as to the sufficiency of the evidence to authorize the judge to direct a verdict for the plaintiff.        *Judgment reversed. All the Justices concur.*

Beck, P. J., and George, J., dissent from the ruling in fifth division of the decision.