ALLEN *v.* ALLEN.

1. A dispossessory warrant will not lie unless the relation of landlord and tenant exists.

2. A judgment in a former suit concludes the parties or privies as to all matters put in issue, or which, under the rules of law, might have been put in issue in the former suit.

3. A judgment of a court of competent jurisdiction is conclusive between the parties as to the facts it decides, until set aside.

4. Where a plaintiff as landlord had sued out a dispossessory warrant to eject one as a tenant holding over, and the latter, after filing his counter-affidavit to such proceeding, brought an action against the plaintiff for specific performance of an oral contract under which he claimed to be the equitable owner of the premises involved as donee and purchaser, and where a verdict and decree were rendered in favor of the defendant in the action for specific performance, such decree would conclude and estop the plaintiff therein from afterward stting up such contract to defeat the plaintiff in the dispossessory proceeding.

5. The plaintiff in a dispossessory proceeding, in reply to the defense set up that the defendant was the equitable owner of the premises in dispute by reason of said oral contract, could introduce the decree in his favor in the action for specific performance, by way of replication, without pleading the same in writing.

6. The acceptance of rent, which had accrued, by the landlord from the tenant, subsequently to the institution of the dispossessory proceeding, would not estop the landlord from pressing such proceeding to dispossess the tenant.

No. 3099. November 17, 1922. Rehearing denied December 15, 1922.

Eviction; equitable petition. Before Judge Hodges. Madison superior court. January 28, 1922.

George H. Allen, on January 1, 1919, sued out a dispossessory warrant against George T. Allen, on the ground that the latter was holding the premises involved over and beyond the term for which the same were rented to him. George T. Allen filed his counter-affidavit denying that he was holding possession over and beyond his term, and alleging that he did not hold possession from George H. Allen as tenant, and " that he owns said land and annually pays to the said George H. Allen " a certain amount which he had paid for the year 1918. On the same day George T. Allen filed his equitable petition against George H. Allen, in which he sought to have the latter specifically perform a certain contract, under which he claims to have gone into possession of the premises in dispute. This petition was tried, and the trial resulted in a verdict and decree in favor of the defendant. The case was taken to this court, and the judgment of the lower court was affirmed. A full history of this equitable action is disclosed in *Allen* v. *Allen,* 151 *Ga.* 278 (106 S. E. 81). After that decision the defendant in the dispossessory warrant, on September 5, 1921, amended his counter-affidavit by alleging, that he went into possession of the land involved, not as tenant, but under a contract by the terms of which the plaintiff gave the land to him, and he was to pay the

plaintiff 2040 pounds of lint-cotton annually as long as the plaintiff lived or demanded the same; that, based on said contract, he went into possession of the premises, and made valuable, permanent improvements thereon, which are set out in this amendment; that he had paid said annuity as it fell due; that under these facts the relation of landlord and tenant did not exist; and that the plaintiff could not, in good conscience and under the law, remove him from said premises. He prayed for verdict and decree that plaintiff cannot remove him from possession of said property, and that he have such other relief as he is entitled to under the facts. The contract here set up was the same as that which the defendant sought to have specifically performed in his equitable action above referred to.

On the trial of the dispossessory-warrant case the plaintiff introduced the entire record, including the petition, answer, brief of the evidence, verdict, decree, and the affirmance of the latter by this court. Counsel for the defendant moved to rule out this record, (1) because the issue in that case was not involved in this case; (2) because the issue in this case had never been passed upon; (3) because there was no plea of res judicata. The court overruled this motion. The court refused to permit the defendant to introduce any evidence to establish the contract alleged in his amendment to his counter-affidavit, on the ground that he was concluded, by the decree in his action for specific performance, from again setting up this contract as a defense to the dispossessory-warrant proceeding. The defendant excepted pendente lite to these rulings, and assigned error thereon in this court.

The plaintiff introduced evidence tending to establish the allegations of his affidavit on which the dispossessory warrant was based. For the defendant it was shown that he went into possession of the premises in dispute about two weeks before Christmas in 1915. He paid to the plaintiff the stipulated rent for 1919 on October 10th of that year, which the plaintiff accepted as rent and for which he gave his receipt, stating that it was for rent for that year. The defendant likewise paid the stipulated rent for 1920. Plaintiff admitted getting these rents, but stated that at the time of receiving them he told the defendant that the matter was in court where it would have to be decided.

The jury found for the plaintiff the premises, but no additional rent. The defendant made a motion for new trial, on the general grounds; and by amendment added twelve grounds. Grounds 4, 5, and 6 of this amendment complain of the rejection by the court of evidence offered by the defendant to establish the contract set up in the amendment to his counter-affidavit. Ground 7 complains of the refusal of the court to rule out the record in the former suit of George T. Allen against George H. Allen, for specific performance. Ground 8 complains of the refusal of the court to allow the defendant to prove by various witnesses that George H. Allen had stated to them that he had given to the defendant the land in dispute. Ground 9 alleged that the court erred in refusing to admit in evidence a deed from George H. Allen to George T. Allen, dated Jan. 24, 1916, conveying the land involved in this suit; plaintiff objecting to its introduction on the ground that the issue had already been decided in the former suit between these parties for specific performance. In ground 10 the defendant insists that the court erred in refusing to permit him to introduce in evidence a deed from George H. Allen to W. T. Allen, dated Jan. 24, 1916, conveying 85 acres of land; and a deed of the same date from the same grantor to Hessie Allen Rowe, conveying 85 acres of land; the plaintiff objecting to the introduction of these deeds on the ground that they were irrelevant and immaterial. In ground 11 it is alleged that the court erred in excluding deeds made by George H. Allen to his other children, which deeds defendant insisted illustrated a scheme of said George H. Allen in making deeds to his children, including the defendant; the plaintiff objecting to those deeds on the ground that they were irrelevant and immaterial.

In ground 12 it is alleged that the court erred in charging the jury as follows: "The court has ruled out all testimony of the defendant, George T. Allen, relating to the sale of the land in question by his father to him, and also about any and all improvement, and about insurance, and lightning-rods, and everything like that, as being irrelevant in this case, as will be explained to you in a charge on the issue in regard to the rents, whether or not George T. is due the old gentleman any rent or not." The error alleged is that the effect of this ruling was to exclude from the consideration of the jury entirely the question of whether or

not George T. Allen went into possession under a gift or a contract by which he was ultimately to have the title, or as a tenant subject to be ejected as a tenant holding over. In this ground was set out all of the evidence ruled out, which tended to sustain the allegations of the defendant's amendment to his counter-affidavit.

In ground 13 it is complained that the court erred in charging the jury as follows: "The defendant comes into court and files his counter-affidavit, which he has a right to do, and alleges the following: 'Personally comes George T. Allen, who upon oath declares, in reference to the affidavit of George H. Allen this day exhibited to him, that his term of rent has not expired as alleged, and that he is not holding possession over and beyond his term, and that he does not hold the premises from the said George H. Allen, nor from any one under whom said George H. Allen claims as tenant, either as alleged in said affidavit or otherwise; that he owns said land and annually pays to the said George H. Allen a certain amount which has been paid for the year 1918.' Under the rulings of the court the latter part of the defendant's answer is not germane to the issue that you are to try. That is to say, the allegation that the defendant owns said land, and annually pays to the said George H. Allen a certain amount which has been paid for the year 1918. That, I say, is not germane now to the issues in the case, owing to the rulings of the court, for which the court is responsible; and under these rulings as heretofore stated, the relationship of landlord and tenant exists between George H. Allen as landlord and George T. Allen as tenant, and the only question and the main question for you to decide in this case is whether or not George T. Allen is holding over and beyond the rental contract of 1918, and, if so, how much rent he is due on account of holding over." The error assigned is that by this charge the defendant did not receive the benefit of the issue made by him that he held the property in question under a contract of gift, under which he was to pay a certain amount of cotton each year, and, having paid the amount, he was not subject to be removed as tenant.

In ground 14 it is alleged that the court erred in charging the jury as follows: "I charge you further, as law applicable to the case, if you believe from the evidence that the defendant George T. Allen tendered to the plaintiff 2040 pounds of lint-cotton in

settlement for the rent for the year 1919 he, George T. Allen, was due the said George H., and that George T. Allen tendered 2040 pounds of lint-cotton as rent cotton for the year·1920, and George H. Allen accepted said amounts for the years 1919 and 1920, then and in that event the plaintiff George H. Allen would not. be entitled to recover in this case any amount, and you should find for the defendant. On the other hand, I charge you that if the defendant George T. Allen paid to the plaintiff 2060 pounds as rent for the year 1919 and 2040 pounds for 1920, and plaintiff accepted said cotton not in full settlement of his claim for rent, but accepted the same with notice from the said George H. to the said George T. that he would credit the same on any amount that he might recover as rent in this proceeding which was then pending, then I charge you the acceptance of such rental for the year 1919 and 1920 would not be in full liquidation or settlement of the plaintiff's claims in this case, but he would be entitled to recover double rent, provided you believe he is entitled to recover double rent under the rules of law I have given you in charge, and whatever sum that the said George T. paid the said George H., the plaintiff in this case, under those circumstances, would simply go to his credit on the double rent that the said George H. would be entitled to recover, provided he is entitled to recover anything." The error alleged is that this charge eliminated from the consideration of the jury one of his contentions, namely, that after taking out the warrant to dispossess him George H. Allen accepted the stipulated amount due annually, and the acceptance of this amount had a legal effect of destroying the proceedings to dispossess.

In ground 15 it is complained, in general terms, that the court erred in ruling out evidence, without specifying the evidence so ruled out.

The court overruled the motion for new trial; and error was assigned on this judgment.

*Strickland & Arnold,* for plaintiff.

*Gordon & Gordon, Thomas J. Shackelford,* and *Shackelford & Meadow,* for defendant.

HINES, J. (After stating the foregoing facts.)

1. Unquestionably a dispossessory warrant will not lie unless the relation of landlord and tenant exists. If the defendant holds

possession otherwise than as tenant, such as purchaser, donee, or equitable owner, this harsh remedy is not applicable. Civil Code (1910), § 5385; *Clark* v. *Cassidy,* 62 *Ga.* 407, 412; *Watson* v. *Toliver,* 103 *Ga.* 123 (29 S. E. 614); *Henry* v. *Perry,* 110 *Ga.* 630 (36 S. E. 87); *Sharpe* v. *Mathews,* 123 *Ga.* 794 (51 S. E. 706); *Garrick* v. *Tidwell,* 151 *Ga.* 294 (106 S. E. 551).

2. But the real question to be determined in this case is this: Is the defendant concluded and estopped by the decree against him in his action for specific performance of the alleged contract between him and the plaintiff, under which he claims he took possession of the land in dispute, from afterwards setting up the same contract in defense of proceedings to dispossess him as a tenant holding over, in order to show that his entry upon the land was not as tenant, but in the dual capacity of donee and purchaser? If the adjudication in the specific-performance action was of the same subject-matter as that involved in the present proceeding, that adjudication should end this litigation. Civil Code (1910), § 4335. The judgment in the former suit concludes the parties as to all matters put in issue, or which, under the rules of law, might have been put in issue in that cause. § 4336. So the judgment of a court of competent jurisdiction is conclusive between the parties, as to the facts which it decides, until set aside. § 5943. So where plaintiffs sued out a dispossessory warrant against the defendant as a tenant at sufferance, and the defendant filed an affidavit denying such tenancy, and a verdict was returned in favor of the tenant, a judgment based thereon was held conclusive of the fact that the tenant did not hold as their tenant. *Tomlinson* v. *Driver,* 53 *Ga.* 9. So where one as the owner of certain land sued out a warrant to dispossess another as his tenant, on the ground that he was holding the land over and beyond the term of rental, and in defense to such proceeding the defendant averred that he was not the tenant of the plaintiff, but was in possession of the premises under bond for title as a purchaser from the plaintiff, with the purchase-money fully paid, a judgment awarding possession of the property to the plaintiff was held conclusive between the parties, not only on the issue of the relation between them of landlord and tenant, but likewise on the issue of the equitable title of the defendant, growing out of the payment of the purchase-price in full. *Hammond* v. *Thorton,* 107 *Ga.* 259

(33 S. E. 183). Where in a dispossessory proceeding the defendant sets up as a defense that he is not the tenant of the plaintiff, but is the equitable owner of the land under a parol gift of the land from the plaintiff, and the question of title is actually decided by the superior court, the judgment therein rendered may be pleaded as an estoppel to an action of ejectment for the land between the same parties. *Garrick* v. *Tidwell,* supra. Where an equitable action was brought for a general accounting, to which was attached a contract relating to land, which the plaintiff claimed was a contract of purchase, and which the defendant contended was one of rental, and on the trial, the contract being introduced, a judgment was rendered finding the plaintiff indebted to the defendant in a given sum as rent for land described in the contract, such judgment was conclusive against the plaintiff both as to the character of the contract and the amount of rent due under it, in a distress warrant brought by the defendant against the plaintiff to recover the amount found by the judgment as rent for the land. *Price* v. *Carlton,* 121 *Ga.* 12 (48 S. E. 721, 68 L. R. A. 736).

In the case at bar the defendant sets up, to show that he was not the tenant of the plaintiff, but the equitable owner of the premises in dispute under an oral contract of gift from the plaintiff, the same contract which he sought to have specifically enforced in his former action; and the verdict and judgment in the latter action in favor of the plaintiff in the present proceeding is conclusive on the defendant, both as to the nonexistence of such contract, and as to his relation of tenant of the plaintiff. Both the issues of fact, of the existence of such contract, and whether he was the equitable owner of the premises or the tenant of the plaintiff, were necessarily involved in the trial of the former case; and the judgment in that case concludes and estops the defendant from setting up such contract to show that he was the equitable owner of this land, and not the plaintiff's tenant. In affirming the judgment of the lower court, this court put its decision both upon the indefiniteness of the contract and upon the want of clear, strong, and satisfactory proof of its existence. *Allen* v. *Allen,* supra. The defendant's defense fell with his defeat in the former action. He cannot rely upon this contract to defeat the present proceeding. It is now a stone wall standing in his way. This disposes of all grounds of error relating to the rejection by the

court of evidence offered by the defendant to establish said contract, and the refusal of the court to rule out the record in the former action.

3. It is insisted that the court erred in refusing to rule out the record in the former action for specific performance, on the ground that there was no pleading to authorize its introduction. This evidence was offered by the plaintiff in reply to the defense set up by the defendant, that he held this land under an oral contract by which the plaintiff gave it to him. This action of the plaintiff was in the nature of an oral replication to the defense set up by the defendant. In ordinary suits no replication shall be filed. ᾽ Civil Code (1910), § 5647. In such suits no special pleadings shall be admitted in the superior courts, and every case shall go to the jury and be tried upon the petition, process, and answer alone. §§ 5573, 5651. The superior court, exercising chancery jurisdiction, is authorized to require proper and sufficient pleadings, to be determined by rules applicable in equitable proceedings, in any claim or defense presented, and ·to require sufficient notice of the pleadings provided for. § 5413. When new matter is set up by the defendant, not controverting the plaintiff's petition, the plaintiff, in proper cases, may be required by the court to meet the same by appropriate written pleadings. § 5633. By analogy, we think that in this summary proceeding plaintiff was not required to file any written replication to any defense set up by the defendant in his counter-affidavit. Clearly, in the absence of some request by the defendant to the court to require the plaintiff to file a written replication, the want of such replication is not ground for reversal. *Central of Ga. Ry. Co.* v. *Tankersley,* 133 *Ga.* 153 (2)ʹ (65 S. E. 367). So we do not think that the court erred in refusing to rule out the record in the former action because the plaintiff had failed to plead the judgment therein as an estoppel against the defense of the defendant set up in the amendment to his counter-affidavit.

4. Did the acceptance of rent by the plaintiff from the defendant, after suing out his warrant to dispossess the latter, estop the former from pressing this proceeding? It has been held that the receipt of rent by the landlord, after suing out a writ of forcible detainer, and up to the time of the trial, was not a waiver of a forfeiture of the lease previously declared. Cleve *v.* Mazzoni, 19 Ky. Law R. 201 (45 S. W. 88). ᾽The landlord could not, as

owner, be barred from prosecuting a summary proceeding to eject his tenant holding over, on the theory that the acceptance of rent, after the expiration of the term of the tenancy, converted the tenancy into one from year to year. Whatever might be the effect of accepting rent for the period beyond the trial of such proceeding, clearly the taking of rent which had accrued would have no such effect. On this subject the Supreme Court of North Carolina has said: " As to the other phase of the defendants' contention, i. e. that the acceptance of the rent for the time after the expiration of the term converted the tenancy into one from year to year, it may be said that there would be force in it if there had not been served in proper time a notice upon the defendants to vacate the premises and deliver possession at the end of the term. In an action to recover the possession of leased premises the plaintiff can recover damages for the occupation of the premises since the cessation of the estate of the lessee; and surely the plaintiff could receive it, by voluntary payment, without the effect of continuing the lease." Vanderford *v.* Foreman, 129 N. C. 217 (39 S. E. 839). Tiffany says: " The acceptance by the landlord of rent accruing subsequently to the expiration of the original term would ordinarily show, as against him, an extension of the tenancy as a periodic holding, and preclude the maintenance of the proceeding; but no such inference is to be drawn, it has been decided, from the acceptance of rent for the time during which the tenant may retain possession by reason of his having given a bond for appeal from a judgment of dispossession, or by reason of an injunction against the enforcement of such judgment." 2 Tiffany's Landlord and Tenant, § 274; Hopkins *v.* Holland, 84 Md. 84, 35 Atl. 11; Curd *v.* Farrar, 47 Iowa, 504.

Counsel for plaintiff in error relies on the case of *Guptill* v. *Macon Stone Supply Co.,* 140 *Ga.* 696 (79 S. E. 854, Ann. Cas. 1915A, 1249). In that case the warrant was sued out before the expiration of the lease, on the ground of the tenant's failure to pay rent. The tenant filed the statutory counter-affidavit. Afterwards the landlord accepted from the tenant rent that had accrued under the lease subsequently to the institution of the summary process. This court held: " Such acceptance operated as a waiver of the landlord's right to claim a forfeiture of the lease because of the tenant's arrears prior to the issuance of the summary process." This court further said: " Having voluntarily elected to treat his

tenant as no longer entitled to the possession, his course must be consistent with this claim in the further progress of the proceeding which he has instituted. If he receives rent accruing subsequently to the issuance of the dispossessory warrant, and accepts it as being a payment under the original lease contract, he affirms that the lease contract is still in existence. By his own acts he admits the continuance of the lease, and waives any prior forfeiture." The decision in that case rested upon the fact that the conduct of the landlord was inconsistent. He was undertaking to enforce forfeiture of a lease because of the tenant's failure to pay rent which had accrued. Thereafter he accepted rent which had accrued after suing out the summary proceeding to dispossess the tenant. These acts were inconsistent. In the case at bar, there was no inconsistency on the part of the landlord in accepting rent which had accrued (although it became due after he had sued out his dispossessory warrant) and, at the same time, pressing his proceeding to dispossess the tenant. If he succeeded in his proceeding to dispossess the tenant, he would be entitled to double rent. The voluntary payment by the tenant of one half of this amount would not bar the landlord, by its acceptance, from proceeding to dispossess the tenant. He is entitled to both his rent and possession of his property. Acceptance of the former, which had accrued prior to the trial of the dispossessory warrant, would not estop him in his effort to obtain the latter.

5. The above rulings dispose of the other grounds of the motion for new trial, and render it unnecessary for us to deal with them in detail.          *Judgment affirmed. All the Justices concur.*