## ODUM, administrator, *v.* McARTHUR; *et vice versa.*

1. The plaintiff in a suit for specific performance of an alleged oral gift of land, defended by the administrator of the deceased donor, was incompetent as a witness to give testimony of going into possession and making of specified improvements during the lifetime of the decedent, and referring to transactions with him which if alive he could deny, explain, or rebut.

2. Testimony that the plaintiff went into possession about 1895, and that his possession had been peaceable and continuous, was a statement of fact, not a conclusion.

3. Testimony of certain declarations by plaintiff, *held* admissible to prove his adverse possession, and not objectionable as self-serving.

4. Testimony that the witness drew a deed from one named person to another was not open to the objection that the deed itself was the best evidence and was not accounted for if lost.

Adverse Possession, 2 C. J. p. 269, n. 45; p. 270, n. 47.
Appeal and Error, 4 C. J. p. 650, n. 37; p. 972, n. 70.
Evidence, 22 C. J. p. 227, n. 41; p. 534, n. 84; p. 995, n. 15.
Specific Performance, 36 Cyc. p. 784, n. 15 New.
Witnesses, 40 Cyc. p. 2314, n. 6, 9 New; p. 2321, n. 76, 77; p. 2324, n. 18; p. 2327, n. 54 New.

5. Testimony that the witness ran the south line on a plat where the plaintiff told him to run it (the plat being in evidence) was not open to the objection that the witness acted on information from an incompetent witness as to land boundary.

6. Testimony that there were about 3600 acres of land given and conveyed by the decedent to another son threw some light on the question whether the decedent gave the plaintiff the 600 acres as he claimed, or a lesser tract of 294 acres as contended by the defendant.

7. A surveyor's plat 537.6 acres of land was not illegally received in evidence.

8. Testimony that the witness's wife, to whom the decedent had made a deed to part of the land in dispute, was dead and left no child, was irrelevant, and may have been prejudicial.

9. The plaintiff was incompetent to testify that a proposed sale of land by the decedent was not consummated for the reason that plaintiff objected and would not sign the deed because it was his property.

10. Testimony that the decedent was of unsound mind when he made to his daughter a deed to a part of the land in dispute was not objectionable as immaterial and prejudicial.

11. The weight and sufficiency of the evidence are not here dealt with.

12. The cross-bill of exceptions is not meritorious.

Nos. 5830, 5862. OCTOBER 13, 1927.

Specific performance. Before Judge Sheppard. Tattnall superior court. December 28, 1926.

*Lankford, Rogers & Newton* and *C. L. Cowart,* for plaintiff in error. *A. S. Way, H. H. Elders,* and *E. J. Giles,* contra.

HINES, J. W. B. McArthur brought suit against the administrator of his father, M. D. McArthur, for specific performance of an alleged oral agreement by which his father gave to him a described tract of land, of which his father put him in possession, and upon which, on the faith of the gift, he erected valuable improvements. A verdict was rendered in favor of the plaintiff. The defendant's motion for a new trial was overruled, and the defendant excepted. This is the second verdict in favor of the plaintiff. *Odum* v. *McArthur,* 160 *Ga.* 281 (127 S. E. 848).

1. Where any suit is instituted or defended by the personal representative of a deceased person, the opposite party shall not be admitted to testify in his own favor against the deceased person as to transactions or communications with such deceased person. Civil Code (1910), § 5858, par. 1. A transaction or communication within the meaning of this section is some transaction or communication had directly with the deceased; something personal between the surviving and deceased parties; a transaction of such character that the deceased, if alive, could deny, rebut, or

explain. *Chamblee* v. *Pirkle,* 101 *Ga.* 790, 792 (29 S. E. 20);
*Hill* v. *Merritt,* 146 *Ga.* 307, 309 (91 S. E. 204).

(*a*) In a suit against an administrator by an heir at law of the
intestate, where there was an issue as to whether one of several
notes sued upon was paid during the lifetime of the intestate,
testimony of the plaintiff as a witness in his own behalf, to the
effect that during the life of the intestate the note was after
maturity in the possession of the defendant, held as his property,
had reference to a transaction with the deceased which the latter
could have rebutted, denied, or explained; and the witness was
incompetent to give such testimony. *Zellars* v. *Orr,* 147 *Ga.* 607
(95 S. E. 6).

(*b*) In an action involving title to land, instituted by the per-
sonal representative of a decedent against one who set up a parol
gift of the land by the decedent and the making of valuable im-
provements on the land in pursuance of the alleged gift, testimony
of the defendant, to the effect that during the life of the donor
he had placed valuable improvements on the land had reference
to a transaction with the decedent, which the latter could have
rebutted, denied, or explained, if alive; and the defendant was in-
competent to give such testimony as a witness. *Garrick* v. *Tid-
well,* 151 *Ga.* 294, 301 (106 S. E. 551). The present suit being
for specific performance of an oral gift of land, brought by a son
of an intestate against his administrator, testimony of the plaintiff
to the effect that he was in possession of the land in dispute, that
when he went into possession there were two small houses on the
land and twenty or thirty acres of land in cultivation, that he
took in about 100 acres and built two dwellings, barns, fences, and
outhouses, of the value of $2,500, and that he had been in pos-
session continuously since 1895, these things under the evidence
having taken place in the lifetime of the intestate, had reference,
under the above rulings, to transactions with the deceased which
the latter could rebut, deny, or explain, if alive; and the plain-
tiff was incompetent to testify to them over the objection of the
defendant properly raising this objection.

2. Evidence of the plaintiff, to the effect that he went into pos-
session about 1895, and that his possession had been peaceable and
continuous, was properly admitted over the objection that it was a

conclusion of the witness. These were not mere conclusions of the witness, but statements of fact.

3. Evidence of a witness for the plaintiff, to the effect that he went to the plaintiff to get permission to go into the Ohoopee River swamp on the land in dispute, and kill dogs which were killing hogs, and that the plaintiff granted him such permission, plaintiff saying at the time that he did not want dogs there, that he could not have any hogs there as the dogs ran them out, and that he was paying taxes on the land and was not getting anything from it, was properly admitted over the objection of the defendant that these declarations of the plaintiff were self-serving. They were admissible to prove the plaintiff's adverse possession. *Huggins* v. *Huggins, 71 Ga. 66.*

4. A witness for the plaintiff testified that he "drew a deed from M. D. McArthur to the land claimed by Bruce." The defendant objected to the admission of this testimony, upon the ground that the deed, being in writing, was the best evidence, the loss of the same not being accounted for. This ground not disclosing the fact that the witness testified to the contents of the deed, but only to the fact that he was the scrivener who wrote it, this objection was not well taken. The witness simply testified that he drew the instrument.

5. The testimony of a witness for the plaintiff, that he ran the south line (referring to a plat made by him, and introduced by plaintiff) where the plaintiff told him to run it, was not improperly admitted over objection that the witness could not testify as to information received through the plaintiff, who was not a competent witness to testify as to the boundaries of the land given him by his deceased father, and on which information the witness acted in making a plat of the land in dispute. The statement of the plaintiff to the witness and the testimony of the witness did not refer to any transaction or communication with his deceased father. If the objection to this testimony of the witness had been put upon the ground that this statement of the plaintiff was a self-serving declaration, another question would have been presented for decision.

6. The evidence of a witness for the plaintiff, to the effect that he knew the land which the father of plaintiff gave to his son Dwight, that there were about 3600 acres of this land, and that

he made this son a deed to it, was properly admitted over the objection that the same was irrelevant and immaterial. This evidence threw some light upon the question whether his father had given to the plaintiff the 600 acres claimed by him, or a lesser tract containing 294 acres, as contended by the defendant. *Odum* v. *McArthur,* supra. The court did not err in permitting Dwight McArthur, a brother of the plaintiff, to testify that he knew the land which his father had given him, and that in his opinion it contained 3600 acres, over the objection that said evidence was irrelevant and immaterial.

7. The court did not err in admitting in evidence a plat made by a surveyor on April 16, 1926, of 537-60/100 acres, in showing how the land claimed by the plaintiff lies, over the objection of the defendant that said plat was illegal and inadmissible, because it was made by the witness from information obtained from the plaintiff, which information he necessarily got from his deceased father, as to what land the father gave to the plaintiff, and because all of the plaintiff's witnesses testified that the father told them that the dividing line between his land and the land he had given to the plaintiff crossed the road at a wet place, which is about 200 yards long, and extended east through a pond to the ford on Four Acre Creek, the surveyor swearing that the southern line had never been established, and that he could start at the ford on Four Acre Creek and run a line west through said pond at various angles and cross about the wet place in the road. Evidence introduced in behalf of the plaintiff tended to show that this line as run by this surveyor was practically and substantially the line pointed out to a witness for the plaintiff by the father, as constituting the southern boundary of the tract of land in dispute.

8. D. T. Phillips, a witness for the plaintiff, was allowed to testify that his wife, to whom the father of the plaintiff had made a deed to a portion of the land in dispute, was dead, and that she had left no children. The defendant objected on the ground that this evidence was irrelevant and immaterial, and was prejudicial, because it disclosed that said land would descend to no blood relatives of McArthur, but to the husband of the grantee in said deed. This evidence was irrelevant; and as a finding in favor of the plaintiff would keep this land in the family and not allow it

to go into the hands of a stranger in blood, it might have prejudiced the cause of the defendant. *Central of Georgia Ry. Co. v. Prior,* 142 *Ga.* 536 (83 S. E. 117).

9. Plaintiff, over the objection of defendant that he was incompetent to testify in his own behalf against the representative of his intestate father, testified as follows: "As to the Mayo plat, that was cut off to sell to Broadhurst; my father was selling it, and he was selling it I suppose to get the money out of it, and the reason the sale was not consummated was because I objected to it and wouldn't sign the deed to it because it was my property." The plaintiff was testifying to a transaction with his deceased father, and was clearly incompetent to do so, under the authorities cited in the first headnote.

10. Evidence of the plaintiff and other witnesses in his behalf, to the effect that the father of the plaintiff was of unsound mind at the time that he made to his daughter, Ruth Phillips, a deed to a portion of the land in dispute, was properly admitted over the objection that this evidence was immaterial and prejudicial to the defendant. If the maker of this deed was of sound mind when he executed it, it furnished relevant evidence as to some of the issues involved in this case; but if its maker was of unsound mind when it was executed, it was without probative value. To rob it of its probative value upon these issues, this testimony was admissible.

11. The 12th, 13th, 14th, and 15th grounds of the motion for new trial are but amplifications of the general grounds that the verdict is contrary to the evidence and to the law. We can not say that the verdict is without evidence to support it, and that for this reason it is contrary to law. As we grant a new trial on the grounds that the court erred in permitting the plaintiff to testify as to transactions with his deceased father, about which he was incompetent to testify under the law, and that the court erred in admitting irrelevant evidence, we do not deal with the weight and sufficiency of the evidence.

12. The assignments of error in the cross-bill of exceptions are without merit.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. All the Justices concur.*

BECK, P. J., concurring specially. I concur in the judgment of reversal in this case, but dissent from the ruling in paragraph 1 (*b*) of the opinion.