## 31419. HYDE *v.* FORNARA.

DECIDED OCTOBER 26, 1946.

*Harold Karp,* for plaintiff in error.   *George B. Rush,* contra.

SUTTON, P. J.   (After stating the foregoing facts.)   ■   It appears from the pleadings and the evidence that the dispossessory warrant was issued against J. C. Hyde and Mrs. J. C. Hyde, and that J. C. Hyde died before a trial on the issues formed by the dispossessory warrant and the counter-affidavit of Mrs. Hyde. While an entry should have been made by the plaintiff to show the death of J. C. Hyde (*Tedlie* v. *Dill,* 3 *Ga.* 104, 105), there is no exception to his failure to do so, and the case will be considered as if such entry had been made.   "In all actions against two or more defendants, one or more of whom have died or may die pending said action, the plaintiff may suggest said death of record, and

proceed against the surviving defendants to the extent of their respective liabilities." Code, § 3-506. Under the pleadings and evidence of this case, the cause of action of the plaintiff against the defendants did not abate on the death of J. C. Hyde, and the plaintiff had the right to proceed against the surviving defendant to remove her from the premises without making the legal representative of the deceased defendant a party, where no judgment was asked or obtained for double rent. The trial judge did not err in refusing to dismiss the action because of the death of J. C. Hyde, or in allowing the case to proceed against the surviving defendant without making the legal representative of the deceased defendant a party.

■ The defendant contends that the evidence demanded a finding that the original renting agreement had been entered into between the plaintiff and J. C. Hyde, and that Hyde or his legal representative was a necessary party to the action. The evidence, although conflicting, was sufficient to authorize the trial court to find that the original renting contract was made between the plaintiff and J. C. Hyde and Mrs. J. C. Hyde, jointly, and the contention of the defendant in this respect can not be sustained.

■ The defendant contends that the evidence demanded a finding that, after the death of her husband, she became a tenant at will of the plaintiff by reason of his accepting rent from her and giving her notice as such to vacate the premises. The plaintiff was seeking to dispossess the defendant upon the ground that she was holding the premises over and beyond the term for which they had been rented, and had refused upon demand to surrender possession of the same to him. The acceptance by the landlord of rent which accrued subsequently to the time the dispossessory warrant issued was not inconsistent with his demand for possession of his property, and did not, under the facts of this case, estop him from pressing his action to obtain possession of the premises, or demand a finding that, by accepting such rent, he had entered into a new contract of rental with the defendant, whereby she became a tenant at will of said premises. *Allen* v. *Allen,* 154 *Ga.* 581 (115 S. E. 17).

Under the evidence, a finding was not demanded that the plaintiff had entered into a new contract with the defendant, or that he

was estopped from pressing his action to dispossess her, and the trial court did not err in its holding.

■ The defendant contends that the judgment against her was contrary to law because no certificate authorizing her eviction had been obtained by the plaintiff from the Office of Price Administration. It is undisputed that the premises involved are within the Atlanta Defense-Rental Area of the Office of Price Administration. It appears that the affidavit and dispossessory warrant issued under the provisions of the Rent Regulations of the Office of Price Administration, which, on August 18, 1944, provided that a tenant could be removed from the premises without a certificate from the Office of Price Administration, where the landlord sought in good faith to recover possession for the immediate purpose of demolishing or substantially altering or remodeling the house in a manner which could not practically be done with the tenant in possession. Section 6 (a, 5) of the Rent Regulations of the Office of Price Administration, which was in effect at the time the affidavit was made and the dispossessory warrant issued in August, 1944, permitted this to be done.

On September 15, 1945, while the present action was pending and before trial or final judgment therein, the rent regulations were amended, and section 6 (a, 5) under which the affidavit was made, was revoked, so that at the time of the trial in the court below, the pertinent Rent Regulations of the Office of Price Administration provided, in part: "So long as the tenant continues to pay the rent to which the landlord is entitled, no tenant shall be removed from any housing accommodations, by action to evict or to recover possession, by exclusion from possession, or otherwise, nor shall any person attempt such removal or exclusion from possession or otherwise, notwithstanding that such tenant has no lease or that his lease or other rental agreement has expired or otherwise terminated," unless certain facts appeared, none of which appear in the present action. The regulations then provide: "No tenant shall be removed or evicted on grounds other than those stated above unless, on petition of the landlord, the Administrator certifies that the landlord may pursue his remedies in accordance with the requirements of the local law." Rent Regulations of the Office of Price Administration, Section 6 (a, b).

It appears that the landlord at the time of the trial did not have a certificate authorizing him to pursue his eviction proceeding against the defendant, but he contends that this was not necessary as the action had been commenced before such certificate was required by the Federal rent regulations. The rent regulations, having been promulgated under the authority of the Emergency Price Control Act of 1942, § 1 et seq. (50 U. S. C. A. App. § 901 et seq.), superseded State statutes, and are controlling in actions between landlords and tenants in the State courts. The contention of the plaintiff that the amendment to the rent regulations does not apply to pending actions is without merit. It was held by the United States Emergency Court of Appeals in Taylor *v.* Brown, 137 Fed. 2d, 654, that the power to fix maximum rates for housing accommodations, which power is exercised by the Emergency Price Control Act of 1942 and the regulations issued thereunder, was within the constitutional war power of Congress, and that the regulations issued thereunder with respect to pending leases was not invalid as impairing the obligation of existing contracts.

In the present case, the dispossessory-warrant proceeding was pending on September 15, 1945, when the regulation requiring a landlord to obtain a certificate for the eviction of a tenant under the circumstances shown went into effect. No final judgment of eviction had been entered in the case. In pending eviction proceedings, the Administrator of Price Administration has placed the following official interpretation on the rent regulation: "Where an action to evict is pending on the date the regulation becomes effective in a particular defense-rental area, the provisions of section 6 are applicable unless a court order has been entered prior to the effective date of the regulation, directing the tenant to surrender possession. . . If no such order has been entered, the landlord may not further pursue his proceedings except in accordance with section 6." Rent Regulation for Housing with Official Interpretations, Revised July 1, 1945, page 89. While this interpretation is not binding on the courts, it is entitled to persuasive weight (Goodman *v.* Bowles, United States Emergency Court of Appeals, 138 Fed. 2d, 917, 919) ; and we think that it is the proper construction to be placed on the rent regulations involved in this case. It was held in Schwartz *v.* Trajer Realty Corporation, 56

Fed. Supp. 930, that a tenant, who was in possession at the effective date of the Federal rent regulations, could not be dispossessed by the landlord without a compliance with the rent regulations, although the action to dispossess was pending at the time the rent regulations became effective.

It appearing in the present case that the defendant was in possession of the premises at the time the amendment of September 15, 1945, to the Federal rent regulations became effective, which requires that an order for the eviction of a tenant be obtained from the Office of Price Administration before such tenant can be legally removed or evicted from the premises, and that the plaintiff in this case had not obtained such an order at the time of the trial, the judgment of the trial court directing that the plaintiff be placed in possession of the premises was contrary to law; and this is true although the case was pending when the said amendment became effective. It follows that the trial judge erred in overruling the defendant's motion for a new trial, and that the appellate division of said court erred in affirming the judgment of the trial court.

*Judgment reversed. Felton and Parker, JJ., concur.*