The notice to terminate the tenancy involved here was insufficient as a matter of law.
 DECIDED APRIL 10, 1948.
Radcliff Memorial Presbyterian Church Inc., whom we shall call the landlord, instituted a dispossessory warrant against George Pace, whom we shall call the tenant, for possession of the premises known as 436 Auburn Avenue N.E., Atlanta. The dispossessory warrant was instituted July 30, 1947. The affidavit alleged: that the tenant failed to pay the rent and was holding the premises over and beyond the term for which the premises were rented to him; that the landlord desired and had demanded possession of the premises, and that the tenant refused to deliver possession; that the landlord had complied with the rent regulations of the Office of Price Administration, in that the landlord had given the tenant proper notice with a copy to the Rent Control Office, on the following grounds, to wit: that the landlord seeks possession of the premises for the occupancy of the premises by the pastor of the church. The tenant filed a counter-affidavit. He denied that he owed any rent, and alleged that he had tendered the rent to the landlord, and that *Page 841 
it had been refused; that he had been ready, able, and willing to pay the rent and had tendered the same and offered to pay the same into court; that he had not been served with any notice to vacate the premises; that he was a tenant at will, and that no demand had ever been presented to him to vacate the premises, as is provided by law.
A judge of the Civil Court of Fulton County, after hearing the evidence, found in favor of the landlord. The tenant duly appealed from this decision to the Appellate Division of the Civil Court. The appellate division affirmed the judgment of the single judge. It is on the judgment of the appellate division that the tenant assigns error and brings the case here.
The landlord introduced as a witness Mrs. Readie P. Ashurst, employed by the O. P. A. as housing expediter. The witness stated that she had the original registration of the premises in question known as 436 Auburn Avenue N.E.; that it was originally registered October 1, 1942. Mrs. Lula Pace was shown to be the tenant of the premises in question. The witness stated further that she had a certificate relating to eviction, on O. P. A. form D-7, dated December 26, 1944. Mrs. Lula Pace was shown to be the tenant on that form. The witness had O. P. A. form D-7 dated May 6, 1947, which showed George Pace to be the tenant of the premises in question. She identified a form dated May 6, 1947, form D-7, docket No. I. V. A. T. K. 7303, signed by James L. Taylor Jr., Rent Director for the Atlanta Defense Rental Area.
Dr. Thos. A. Slater testified for the landlord: He was chairman of the board of trustees for the landlord church and had been since 1939. He knew the tenant, and gave the tenant a notice to terminate the tenancy of the premises in question. The last notice he gave was on July 26. He gave the tenant notice to terminate prior to that time, on March 11, 1947; and the notice he gave to the tenant would be effective from March 22, 1947, to May 22, 1947. The witness further testified: Immediately prior to the filing of the dispossessory warrant on July 26, 1947, he made personal demand of the tenant for the premises in question. At the time of this demand, the tenant stated that he had no place to go and offered to pay the rental at that time. The tenant was paying at the end of the month. *Page 842 
The rent he offered to pay "would have paid from the 22nd of that month to the 22nd of the following month." The same witness testified on direct examination that the church was seeking to recover possession of the premises for the purpose of occupancy by the pastor. On cross-examination, the witness testified that he went to see the tenant at the tenant's home on July 22, 1947, and told the tenant on June 22, 1947, that that would be the last rent he would collect from the tenant; that the witness would take the matter up with the board, and the tenant could come to see the witness the following Monday. The tenant came on Monday, and the witness told the tenant that the board said to turn the matter over to a lawyer. That is the only conversation had with the tenant about the rent. The last rent that the witness collected was May or June. The witness then testified concerning a certain memorandum which he had made; that he had no record of where he went to see the tenant on July 22, but that he did go to see him. The witness stated that he had a memorandum, and he got the date of the trial from that — got the date of the two months' notice to terminate the tenancy — that was the date of the trial, on March 11, 1947. The witness notified the tenant on March 11, 1947; notified the tenant on that date, in the courthouse lobby, to terminate the tenancy; that was the two months' notice. The witness further testified that the church wanted the property immediately, and as to whether "that's all," he testified: "I did say, we wanted the property and the church wanted the property because it needed it and wanted it immediately. As to whether what I have just said was all I told him: Isn't that a notice? I think it is a notice. That's all I told him, that's all I could tell him." The witness stated that he notified the tenant of the fact that the landlord was going to issue a dispossessory warrant, notified the tenant of that fact; "that was not after July 22nd;" notified the tenant as soon as the lawyer told the witness of the steps that would be taken. It was then July. "As to whether he has paid the rent until July 22nd, I couldn't tell you. I did not collect it; Taggert collected the rent; Taggert, the treasurer, collected the rent . . As to whether I know of any other notice that anyone else gave him except what I have just told you, nobody had any right to give any notice except myself." *Page 843 
Joseph E. Buffington, attorney of record for the landlord, testified that on March 11, 1947, in the lobby of the courthouse of Fulton County he made demand on George Pace personally that the landlord was terminating the tenancy of the tenant two months from March 22, 1947 — May 22, 1947. On cross-examination, the same witness testified: "I know that he paid the rent after that time, on June 22nd; he paid me the rent at that time, up to date, it was paid up to the date of March 11, paid it to me . . I don't know that they collected a month after that, up to July 22nd, but I have been advised that the rent was paid up to July 22nd."
The tenant was called as a witness for the landlord, and upon being questioned by the attorney for the landlord, stated: The witness was present at the trial before Judge Bell in a proceeding between the landlord and the wife of the tenant, Lula Pace. In that proceeding the court held that there was no relation of landlord and tenant between Radcliff Memorial Presbyterian Church and Lula Pace. The witness did not recall any notice the tenant was given to terminate the tenancy as of March 11, 1947, to start March 22, 1947, and to become effective May 22, 1947. The witness recalled that he gave a receipt for the rental that was due up to that date. Dr. Slater did not give the witness any notice and Dr. Slater did not, shortly after July 22, 1947, demand the premises in question from the witness. On recross, the witness could not recall the date he went to the office of Dr. Slater and offered the rent and Dr. Slater refused; but it was after July 22, within a week thereafter. Dr. Slater wouldn't take it. Then it was that Dr. Slater informed the witness that the board had instructed that the matter be turned over to the attorney for the landlord. The witness testified that no rental had been paid since July 22, 1947. The witness, being questioned by his own attorney, testified: that he had paid the rent up to July 22, 1947, to Dr. Slater; that on July 22nd, he went to Dr. Slater's office because Dr. Slater did not come and get the money on July 22, and the witness went to see Dr. Slater because he got uneasy about the matter; that he carried the rent to Dr. Slater on that date; it was on Saturday afternoon. Dr. Slater stated to the witness that he would have to see the board, and for the witness to return *Page 844 
Monday. The witness went back Monday. Dr. Slater informed him that the board had instructed Dr. Slater to give the case to the lawyer. No one gave the witness any notice or made any demand on him after July 22, no one gave the witness notice to get out after July 22, or June 22. The witness testified that there had been no other notice at all.
The landlord introduced a copy of the registration with the O. P. A. of the premises in question; the maximum legal rent of $25 per month in the name of Mrs. Lula Pace as tenant. The landlord introduced as an exhibit a document concerning the premises in question, omitting the formal parts, as follows:

"To: (Name and address of (Name and address of tenant)
 petitioner) George Pace,
Radcliff Memorial Presbyterian 426 Auburn Ave., N.E.,
 Church Atlanta, Georgia.
158 1/2 Auburn Ave., N.E.,
 Atlanta, Ga.

"This certificate authorizes Radcliff Memorial Presbyterian Church or Dr. Thomas H. Slater to pursue his remedies for the removal or eviction of the tenant named above from the above-described accommodations in accordance with the requirements of the local law. The Rent Director finds that, subject to any conditions stated below, eviction or removal of the tenant is not inconsistent with the purposes of the Emergency Price Control Act of 1942, as amended, or of the Rent Regulation issued thereunder for this defense rental area.
"Conditions: The purpose for which eviction of the tenant is authorized is for occupancy by the pastor of the Radcliff Memorial Presbyterian Church.
"Action to remove or evict the tenant shall not be commenced sooner than three months after April 21, 1947. This certificate only authorizes an action to be brought for the eviction or removal of the tenant instituted in accordance with the requirements of local law and does not pass upon the merits of such action under such law. [Dated] May 6, 1947. [Signed] James L. Taylor Jr., Rent Director, Atlanta Defense-Rental Area."
The tenant introduced the following receipts: "Received from Mr. George Pace: Twenty-five and No/100 Dollars. Rent 436 *Page 845 
Auburn Avenue N.E., May 22d to June 22d, 1947. [Signed] Radcliff Memorial Presbyterian Church, Per Thomas H. Slater, Clerk. $25.00."
"Received from Mr. George Pace: Twenty-five and No/100 Dollars. Rent from June 22d to July 22d, 1947. [Signed] Radcliff Memorial Presbyterian Church, Per Thos. H. Slater, Chairman."
This is substantially all the evidence in the record.
1. (a) The reason we have set out the evidence so fully is in order to discuss more clearly the issues. The evidence impresses us that only one notice was given by the landlord to the tenant. This notice was on March 11. 1947, and the two months' period allowed the tenant under the law of this State as a tenant at will was to begin on March 22, and terminate on May 22 following. Evidently the landlord was at that time under the impression that the tenant could be evicted after May 22. But as counsel for the landlord further inquired into the question, it is apparent that he came to realize that, where the owner of property desires possession of it for his own occupancy, the O. P. A. regulation in existence at that time, required 90 days' notice prior to eviction. Then it was that the landlord procured from the O. P. A. on May 6, 1947. An order authorizing the landlord to proceed with eviction proceedings to repossess the premises for its own use. It will be noted that this order was dated May 6, 1947. It will be further noted that it provided that the eviction proceedings could not be instituted earlier than 90 days from April 21, 1947. This order further provides: "Notice to Tenant: This form does not order you to move. The issuance of this certificate does not effect your rights at local law under present rental agreement." There is not a word of evidence in the record that this notice was ever served on the tenant.
(b) It is conceded by counsel for the landlord that, were it not for the 90 days' notice required under O. P. A. regulations, in a case of this sort, the acceptance of the rent after May 22, 1947, would have created a new tenancy at will, and that before *Page 846 
the landlord could evict it would be necessary under the law to give a new 60 days' notice of intention to evict. This is for the reason that the acceptance of rent after the termination of the 60 days' notice is a waiver and invalidates the 60 days' notice required under the law. So also, the acceptance of the rent for July would work the same result. It therefore follows that by accepting rent for June and July, the tenancy at will, under the State law, was extended for those periods. Under this record it is not shown that any notice was given for the beginning or the termination of the 90 days' period covered by the O. P. A. regulations. The only definite notice given, so far as this record shows, was on March 11, 1947, to cover a two months' period from March 22, 1947, to May 22, 1947. We do not understand why the O. P. A. authorization, which was dated on May 6, 1947, was retroactive to April 21, 1947. Certain it is that the record does not reveal any notice whatsoever to the tenant that he would be evicted after the expiration of 90 days from April 21, 1947. It therefore follows that the 90 days' notice, as required under the O. P. A. regulations, effective and in operation on March 11, 1947, and May 6, 1947, was not complied with.
To sustain the contention of the landlord, its counsel citesSimpson v. Blanchard, 73 Ga. App. 843 (3) (38 S.E.2d 634). That decision is not authority to sustain the kind of notice here revealed by the evidence. As somewhat on the question before us, see Mattox v. Chapman, 67 Ga. App. 467
(20 S.E.2d, 859); Harrell v. Souter, 27 Ga. App. 531
(109 S.E. 301). Also, in Willis v. Harrell, 118 Ga. 906, 909
(45 S.E. 794), the court said: "It takes very little to convert a tenancy at sufferance into a tenancy at will. Receipt of rent, demand for rent, or anything that indicates the permission of the landlord for the tenant to remain in possession, will have this effect." The court there, it is true, was dealing with the difference between a tenancy at sufferance and a tenancy at will. We are sure, however, that the principle applies also to a situation where, as here, the landlord had given a definite date for termination of a tenancy at will and thereafter accepted rent, and the landlord thereby renewed the tenancy at will, nothing more appearing. And thereafter, in order to proceed under 2 months' notice of the State's statute or the 90 days' notice under the O. P. A. regulations, another notice is *Page 847 
required by law for a date of termination under either the State law or the provisions of the O. P. A. regulations. The evidence shows that the rent was paid or duly tendered and refused.
Under a situation as revealed by this record, we are reluctant to disturb the judgment of the court below, but feel that under the law we are constrained to do so.
Judgment reversed. MacIntyre, P. J., and Townsend, J.,concur.