### 32250. SHIFLETT *v.* ANCHOR ROME MILLS INC.

DECIDED DECEMBER 4, 1948. REHEARING DENIED DECEMBER 16, 1948.

430

*Wright & Scoggin,* for plaintiff in error.
*Matthews, Owens & Maddox,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ The 1st special ground of the amended motion for new trial contends that the trial court erred in entering a judgment in favor of the plaintiff, because there was an issue of fact which should have been submitted to the jury.

The record discloses that the case was tried by the judge without the intervention of a jury, by agreement between the parties. Trial by jury is a privilege which may be waived, in which case the judge passes on all questions of both law and fact. See *Flint River Steamboat Co.* v. *Foster*, 5 *Ga.* 194, supra. This ground is without merit.

■ The 2nd special ground contends that the trial court erred in entering a judgment against the defendant, because the evidence shows that the rent complained of, and alleged under the original affidavit for dispossessory warrant to be past due, had been paid prior to the trial and payment thereof accepted by the plaintiff.

The 3rd special ground contends that the trial court erred in rendering a judgment against the defendant, because the evidence failed to show that a demand for the payment of rent had been made upon the defendant prior to the issuance of said dispossessory warrant.

The 4th special ground contends that the trial court erred in overruling the motion to dismiss the plaintiff's dispossessory warrant, on the ground that there is no allegation therein that a demand had been made for the payment of rent.

The evidence without dispute shows that, after the dispossessory warrant had issued and been served upon the defendant, and after he had filed a counter-affidavit, and before the trial of the case, the defendant paid some rent to the plaintiff, a part of which had accrued before the swearing out of the dispossessory warrant and a part of which had accrued after that time. The acceptance of rent, after the commencement of the dispossessory proceedings, that accrued after said proceedings were commenced amounts to a waiver by the landlord of his right to claim a forfeiture of the lease contract for nonpayment of rent. See *Guptill* v. *Macon Stone Supply Co.*, 140 *Ga.* 696, supra. However, the acceptance of rent under such circumstances does not estop the landlord from pressing such proceeding to dis-

possess the tenant on the ground that he is holding over and beyond the term for which the premises were rented to him. See *Allen* v. *Allen,* 154 *Ga.* 581 (6), supra. It follows that the plaintiff, therefore, is not entitled to recover the premises of the defendant, based on the original ground of the dispossessory-warrant proceeding, that is the non-payment of rent. It is unnecessary for us to determine whether or not a demand for the rent in this case is an essential condition precedent, for the reason that the acceptance of the rent by the landlord controls the case adversely to him in so far as the warrant is based on the ground of nonpayment of rent.

The motion to dismiss the proceedings is in the nature of a general demurrer and is directed at the pleadings. The judgment overruling the same can not be questioned by motion for a new trial. See *Kelly* v. *Strouse,* 116 *Ga.* 872 (6), supra.

■ The 5th special ground contends that the trial court erred in entering a judgment against the defendant, because the contract of rental provides that the landlord may terminate the lease by giving 3 days' notice, and that upon such termination the tenant will vacate within 3 days, it being insisted that this entitled the defendant to 6 days' notice, only 3 having been given.

The 6th special ground contends that the trial court erred in rendering a judgment against the defendant, because the notice is not such as to terminate the lease but is a demand for the surrender of the possession of the premises only.

A proper construction of the lease agreement discloses that the same may be canceled at any time by giving the tenant 3 days' notice, and that upon such cancellation, resulting in the termination of the lease agreement, then the tenant is obligated to vacate the premises within 3 days from such termination. Where the lease is sought to be terminated by virtue of the cancellation clause and the 3 days' notice thereof, the tenant is not entitled to another 3 days' notice to vacate.

We next consider the sufficiency of the notice as raised in the 6th ground of the amended motion for a new trial. A careful analysis of the letter and the subsequent conduct of the plaintiff discloses that it relied upon the failure of the defendant to pay rent rather than upon the termination of the lease agreement. The original dispossessory warrant is based solely on this

ground. It was by amendment at the time of the trial that the ground was made a part of the warrant, alleging that the tenant was holding over. The letter now insisted upon as the notice of the termination of the lease agreement refers to the fact that the rent has not been paid in accordance with the terms of the contract. It is true that the letter also states that "You have not been at work at Anchor Rome Mills for a number of weeks," but it nowhere intimates that the defendant is not still an employee. Indeed, under § 152 of Title 29, U. S. C. A., the defendant was at the time of the writing of the letter an employee of the plaintiff, notwithstanding the fact that he was out on strike and had not worked for several weeks.

Under the terms of the lease it could be terminated in one of two ways: first, under provision (c), cancellation upon 3 days' notice thereof; and second, under provision (d), by termination of the employment. Since the evidence fails to show that the employment had terminated, if the lease had terminated at all at the time of swearing out the dispossessory warrant, it must have been by reason of the cancellation clause requiring 3 days' notice thereof. It follows that the letter purporting to give this notice must have done so in order for the termination of the lease to have been thus accomplished. Under the Code, § 20-704, subsection 5, it appears that the construction of a contract is generally to be most strongly against the party undertaking the obligation. Here the plaintiff landlord undertook the obligation of giving notice of cancellation of the lease contract under clause 3 thereof, but nowhere in said purported notice did it state that the contract was canceled or that the same was terminated. On the other hand, it complained about nonpayment of rent and subsequently followed that up by predicating its eviction proceeding solely upon that ground.

It follows that, since the plaintiff was not entitled to proceed against the defendant for the nonpayment of rent, and since the purported notice was not sufficient to amount to a termination of the lease contract, the trial court erred in overruling the motion for a new trial.

*Judgment reversed. MacIntyre, P. J., and Gardner, J., concur.*