43881, 43882.   CLARKE, Executrix v. ROBINSON et al.;
and vice versa.

PANNELL, Judge. 1. The judgment appealed from in the present case is one granting a motion for new trial, which is not now an appealable judgment in the absence of a certificate of a trial judge as required by Section 1 of the Act of 1968 (Ga. L. 1968, p. 1972). *State Hwy. Dept. v. Rosenfeld,* ante. There being no such certificate in the record in the present case, the main appeal must be dismissed as premature.

2. Inasmuch as the dismissal of the main appeal leaves the case to be tried again in the lower court, the cross appeal, complaining of the denial of a judgment non obstante veredicto, must be passed upon.

3. (a) Where as in the present case Paragraph 13 of a lease, among other matters relating to default on the part of the lessee, provides that "in the event the lessee shall default in the payment of rent, herein reserved, when due, and fails to cure said default within five (5) days after written notice thereof from lessor  .  .  .  lessor at his option may at once, or within six months thereafter  .  .  .  terminate this lease by written notice to lessee," and in Paragraph 14 of the lease

provides: "Lessor, as lessee's agent, without terminating this lease, upon lessee's breaching this contract, may at lessor's option enter upon and rent premises at the best price obtainable by reasonable effort, without advertisement and by private negotiations and for any term lessor deems proper. Lessee shall be liable to lessor for the deficiency, if any, between lessee's rent hereunder and the price obtained by lessor on reletting," and the lessor gives the lessee the following notice in writing: "You are hereby notified, as provided in paragraph 13 of the aforementioned lease, that the lessee is in default in the payment of rent and that, at the present time, is $600 in arrears, and unless this balance is paid within five (5) days upon the receipt of this letter, my client will take possession of the premises, remove all persons and effects therefrom and proceed to rent the premises at the best price obtainable, and in the event that that price is less than $300 a month, the deficiency will be charged against the estate of George I. Clarke," such notice is not a notice terminating the lease, and the lessor is entitled to the full amount of the rent during the term of the lease, less any amounts obtained by re-rental under paragraph 14 of the lease (see *Oastler v. Wright,* 201 Ga. 649 (40 SE2d 531); *Shiflett v. Anchor Rome Mills,* 78 Ga. App. 428 (50 SE2d 853)). The notice given here amounted to the first written notice of default required to be given before the written notice of termination of the lease. And even if we should concede that a written notice of default could also contain a written notice of termination if the default be not cured, the notice here did not so provide, but, on the contrary, contemplated the continuation of the lease under the provisions of Paragraph 14.

(b) Section 4 (b) of the Intangibles Tax Act (Ga. L. 1937-38, Ex. Sess., pp. 156, 161; *Code Ann.* § 92-125), which provides that the wilful failure to list property with the State Revenue Commission for taxation as required by the terms of the Act shall be a bar to any action upon the same, has no application to an action by the landlord for rent under the terms of a lease on real estate, as the lease is not intangible property within the meaning of that Act. It is expressly excluded under Section 2 of that Act, *Code Ann.* § 92-114.

Accordingly, it not otherwise appearing that the lease has been terminated, the trial court erred in failing to grant the judg-

ment non obstante veredicto, there being no dispute as to the amount of rent.

*Appeal in case number 43881 dismissed. Judgment in case number 43882 reversed. Jordan, P. J., and Deen, J., concur.*

ARGUED SEPTEMBER 9, 1968—DECIDED SEPTEMBER 25, 1968—
REHEARING DENIED OCTOBER 15, 1968.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Ralph H. Hicks, H. A. Stephens, Jr.,* for appellant.

*Wendell C. Lindsey,* for appellees.