66117. WILLIAMS v. CLAYTON PARK MOBILE HOME COURT, INC.

BANKE, Judge.

This appeal follows the entry of a directed verdict for the appellee/landlord in an action to dispossess the appellant from a mobile home park.

The parties entered into a lease agreement on July 27, 1982, giving each the absolute right to terminate the lease for any reason upon two weeks written notice. On August 17, 1982, the appellee notified the appellant in writing that it was terminating the lease due

to his alleged violation of certain provisions prohibiting pets and regulating the use of parking spaces. On September 2, 1982, this dispossessory proceeding was instituted.

When the case was tried in November of 1982, the appellant offered to prove that the appellee had accepted a rent payment from him for the month of September. He contends on appeal that this evidence established the creation of a new tenancy at will, thus requiring the appellee to provide him with a new notice of termination and a new demand for possession pursuant to OCGA § 44-7-7 (Code Ann. § 61-105), as conditions precedent to seeking a writ of possession. The record does not disclose when the September rent payment was accepted. *Held:*

Where a landlord seeks to regain possession of his premises on the ground that the tenant is holding over beyond the term, his acceptance of rent which has accrued subsequent to the time the dispossessory proceedings are initiated and up to the time of trial is not inconsistent with his demand for possession of the property and does not require a finding that a new tenancy has been created. See *Allen v. Allen,* 154 Ga. 581, 589 (4) (115 SE 17) (1922); *Hyde v. Fornara,* 74 Ga. App. 438 (3) (40 SE2d 151) (1946). Since there is no suggestion in the record that the appellee accepted the September rent payment before instituting the dispossessory proceedings, it follows that there is no evidence to support a finding that the original notice of termination and demand for possession were waived. The judgment of the trial court is consequently affirmed. See generally *Wetherington v. Koepenick & Horne, Inc.,* 153 Ga. App. 302, 304 (265 SE2d 107) (1980); *Moore v. Trust Co. Bank,* 142 Ga. App. 877 (1) (237 SE2d 471) (1977).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED APRIL 20, 1983.

*John Matteson,* for appellant.
*Joseph R. Baker,* for appellee.