## 66138. CHEEVES v. HORNE.

CARLEY, Judge.

Based upon appellant's alleged holding over beyond the term of his tenancy at will, appellee instituted dispossessory proceedings. The case came on for trial before a jury, wherein the evidence showed the following: On June 16, 1982, appellant was given the sixty days' notice necessary to terminate his tenancy at will. OCGA § 44-7-7 (Code Ann. § 61-105). On August 17, 1982, an unsuccessful demand was made on appellant for possession of the premises. Dispossessory proceedings were instituted on the following day, August 18, 1982. A few days thereafter, but before filing his answer on September 7, 1982, appellant sent a check to appellee in the amount of his monthly rent. The check was cashed and, after it was returned to appellant in his monthly bank statement, appellant wrote "Sept. Rent" on its face. All subsequent payments of rent pending trial were made by appellant into the registry of court pursuant to OCGA § 44-7-54 (Code Ann. § 61-304). At trial, appellant moved for a directed verdict on the ground that the "Sept. Rent" check created a new tenancy at will subsequent to the admittedly valid termination of his original tenancy in mid-August, and that sixty days' notice of the termination

of this new tenancy would be required before he could legally be dispossessed from the premises. Appellant's motion was denied. Instead, the trial court granted appellee's motion for directed verdict as to a writ of possession and all rents paid into court. It is from this order that appellant appeals, enumerating as error the grant of appellee's and the denial of his motion for directed verdict.

On appeal, appellant's sole argument is that the "Sept. Rent" check created a new tenancy at will and that he was entitled to possession of the premises under this new tenancy until sixty days after receiving notice that it was being terminated.

We do not deal in the instant case with a situation where the landlord has accepted rent after the expiration of the sixty days' notice of termination of a tenancy at will but *before* dispossessory proceedings have been instituted. In that circumstance, "the acceptance of rent after the termination of the 60 days' notice is a waiver [of the landlord's right to rely upon the notice] and invalidates the 60 days' notice required under the law." *Pace v. Radcliff Memorial Church,* 76 Ga. App. 840, 846 (47 SE2d 588) (1947). Nor does the evidence in the instant case demonstrate that the landlord accepted rent which had accrued after dispossessory proceedings had been instituted on the basis of the tenant's *non-payment of rent.* See *Guptill v. Macon Stone Supply Co.,* 140 Ga. 696 (79 SE 854) (1913); *Shiflett v. Anchor Rome Mills,* 78 Ga. App. 428 (2a) (50 SE2d 853) (1947). Rather, the evidence clearly demonstrates that the "Sept. Rent" check was tendered and accepted at a time when appellant was in continued possession of the premises, but after dispossessory proceedings had been instituted on the basis that he was *a tenant holding over.* The acceptance of rent accruing after dispossessory proceedings have been instituted on this basis "does not estop the landlord from pressing such proceeding to dispossess the tenant on the ground that he is holding over and beyond the term for which the premises were rented to him. [Cit.]" *Shiflett v. Anchor Rome Mills,* supra at 428 (2b). See also *Hyde v. Fornara,* 74 Ga. App. 438 (3) (40 SE2d 151) (1946).

There was no dispute as to the amount of rent due for each month that appellant was in possession of the premises. Appellant was clearly obligated to pay and the landlord was clearly entitled to receive that amount as rent for September 1982 and each succeeding month that appellant remained in possession of the premises pending trial of the issue of whether he was a tenant holding over. See OCGA § 44-7-53 (Code Ann. § 61-303). The fact that, prior to filing his answer, appellant may have paid "Sept. Rent" directly to the landlord rather than waiting and paying it into the registry of court, as would have been appropriate (OCGA § 44-7-54 (Code Ann. § 61-304)), does not

affect the landlord's entitlement to pursue his dispossessory remedy. "In the case at bar, there was no inconsistency on the part of the landlord in accepting rent which had accrued (although it became due after he had sued out his dispossessory warrant) and, at the same time, pressing his proceeding to dispossess the tenant . . . He is entitled to both his rent and possession of his property. Acceptance of the former, which had accrued prior to the trial of the dispossessory warrant, would not estop him in his effort to obtain the latter." *Allen v. Allen,* 154 Ga. 581, 591 (115 SE 17) (1922). See also *Williams v. Clayton Park Mobile Home Court,* 166 Ga. App. 359 (304 SE2d 483) (1983).

The evidence in the instant case clearly demonstrated without contradiction that appellant's check, subsequently denominated by him as "Sept. Rent," was not accepted by the landlord in contemplation of the creation of a new tenancy at will. Instead, it was accepted merely because appellant refused to vacate the premises and insisted upon his right to remain there pending resolution of the dispossessory proceedings. The trial court was correct in granting appellee's motion for directed verdict and in denying appellant's.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 8, 1983.

*John Matteson,* for appellant.
*Joseph R. Baker,* for appellee.