### 77455. MAIN STATION, INC. v. ATEL I, INC.
(378 SE2d 393)

BEASLEY, Judge.

Defendant-lessee Main Station, Inc. d/b/a Carlyle's appeals from the grant of summary judgment to plaintiff-lessor Atel I, Inc., and the denial of summary judgment to it in this dispossessory action.

The facts are not in dispute. Carlyle's entered into a six-year lease of commercial space in Atel's building for the operation of a restaurant. Approximately two years into the lease, on March 6, 1987, Carlyle's treasurer wrote Atel a letter informing the landlord of Carlyle's intention to assign the lease and to sell and transfer its operation and interest in the building.

A paragraph in the lease on assignment or subletting provided that if lessee desired to lease or sublet the premises wholly or partially, lessee would give lessor certain written notice and lessor would then have thirty calendar days following receipt to notify lessee in writing whether lessor elected:

1) to terminate the lease for the space to be subleased or assigned on the effective date specified by lessee, in which event lessee would be relieved of all further obligations to pay rental for the space, or

2) to permit lessee to assign or sublet the space, in which event

certain provisions for rental would apply, or

3) to withhold consent and continue the lease in full force and effect. If lessor failed to notify lessee in writing of such election within the thirty days, lessor would be deemed to have elected the third option.

On March 23, Atel's counsel responded by letter to Carlyle's treasurer informing him that Atel elected to exercise its right to terminate the lease, effective May 18. The letter was sent certified mail return receipt requested to the treasurer at the sole address which appeared on the letterhead of Carlyle's notice of intent to assign and also on the first page of the lease.

On May 12, Carlyle's mailed to the landlord a check for the full month's rent for May, which the landlord deposited on May 14.

Atel filed the present dispossessory action seeking to evict Carlyle's and was granted summary judgment. The trial court's order and judgment directed Carlyle's to deliver possession of the premises back to the landlord on or before the thirtieth day following entry of the judgment, provided that if Carlyle's filed a timely appeal from the judgment, it could retain possession of the premises during pendency of the appeal and until the judgment was affirmed, so long as Carlyle's continued to pay rent and other monies due under the lease into the registry of the court.

Carlyle's attacks the judgment on two bases: 1) the letter sent by landlord was not in compliance with the notice provision of the lease because it was mailed and delivered to an address other than as listed under the notice paragraph in the lease, and 2) landlord's acceptance of rent for a period beyond the date landlord purported to terminate the lease, constituted a waiver or estoppel against termination.

1. Lessee received timely notification that landlord was exercising its express option to terminate the lease because of lessee's proposed lease assignment. The only issue in this regard is whether or not lessor's mailing to an address other than that listed under the lease's notice paragraph rendered the notification ineffective. It did not, under the circumstances.

Lessor's notification of termination was not inadvertently sent to an individual or to an address having no relationship to the issue at hand but rather to lessee's treasurer at the address which appeared both on the first page of the lease as "ADDRESS OF LESSEE" and on the letter from the treasurer. The lease's notice paragraph provided that notice be sent to the treasurer but at a different address; lessor notified the correct individual at the last provided address for that individual.

Lessee's own letter to the landlord of its intended assignment was sent to an address other than that listed for lessor under the very same notice paragraph on which lessee now relies. In the same breath,

lessee seeks to strictly enforce a lease provision it has ignored.

"Where parties, in the course of the execution of a contract, depart from its terms and pay or receive money under such departure, before either can recover for failure to pursue the letter of the agreement, reasonable notice must be given to the other of intention to rely on the exact terms of the agreement. The contract will be suspended by the departure until such notice." OCGA § 13-4-4.

Lessee did not indicate to lessor that, following its own departure from the notice provision in the lease, it would then rely on the exact terms of such provision. Moreover, such a mutual departure from the notice term would not affect the enforceability of the other lease provisions. See *Southwest Plaster &c. Co. v. R. S. Armstrong &c. Co.*, 166 Ga. App. 373, 374 (304 SE2d 500) (1983).

While the question of mutual departure is ordinarily a jury question, id., there is absolutely no evidence that the parties intended to do anything other than deviate from the notice provision in the manner by which both proceeded. Moreover, the notice provision does not indicate that notice sent to other addresses would not be effective or that only notices sent to the listed addresses would be effective; it merely provides that notices sent to these addresses "shall be deemed given" and "shall be effective."

Finally, lessee has failed to demonstrate how it was harmed by the mailing to the alternate address, because the purpose of the notice provision was fulfilled.

2. Carlyle's contends that by landlord's acceptance of the rent check for the entire month of May, landlord waived the termination. Lessee cites as controlling the case of *C & A Land Co. v. Rudolf Investment Corp.*, 163 Ga. App. 832 (296 SE2d 149) (1982), which applies the principle that " '[w]here the landlord accepts rent from the tenant after the default but before the dispossessory proceeding, the landlord then has no right to institute dispossessory proceedings against the tenant during the ensuing period on account of the tenants' arrears in the payment of past due rent.' [Cits.]" Id. at 834. This does not obtain.

Landlord did not seek to dispossess for non-payment of rent but rather because it had exercised its option to terminate the lease in the face of a proposed assignment so that lessee was holding over beyond the lease termination. Under such circumstance, acceptance of the May rent did not estop landlord from pursuing recovery of the premises. See *Cheeves v. Horne*, 167 Ga. App. 786, 787 (307 SE2d 687) (1983).

Any miscalculation in the rent was attributable to lessee because under the lease it was lessee's obligation to prorate the rent to account for mid-month termination and to pay a late charge for tardiness.

The trial court correctly denied summary judgment to lessee and granted judgment in favor of landlord.

Throughout its argument, lessee raises the spectre of inequity and unfairness in the positions of the parties in regard to the drafting and execution of the lease. It implies that the lease provision for landlord's options in the case of a proposed assignment or lease should not be enforced. There is no evidence of a challenge and a ruling thereon below to the basic validity of the lease; therefore, it was not appropriately raised in this appeal. Moreover, this court will not rewrite the agreement the parties made, for courts are not at liberty to revise contracts even when construing them. See *Brigadier Indus. Corp. v. Pippin*, 148 Ga. App. 145, 146 (251 SE2d 114) (1978).

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 7, 1989.

*Greenfield, Ellis & Bost, William L. Bost*, for appellant.
*Curtis E. Anderson*, for appellee.