## RUSSO v MANFREDO

Case No. 88-1004-AP

Fifth Judicial Circuit, Citrus County

March 17, 1989

### APPEARANCES OF COUNSEL

**Elizabeth Ann Goodale,** for appellant.

**Steven H. L. Bowman,** for appellee.

Before McNEAL, PETERSON, TOMBRINK, JJ.

### OPINION OF THE COURT

RAYMOND McNEAL, Circuit Judge.

Appellant, John Russo, (landlord), appeals a judgment of the county court finding that he lost the right to terminate a rental agreement by accepting rent from appellees, Joseph Manfredo and his wife, Janet Manfredo, (tenants). The trial court also found that the Lease/Option Agreement was subject to Part II of Chapter 83, *Florida Statutes* (1987) which applies to residential tenancies and awarded attorney's fees to tenants as prevailing parties pursuant to *Fla. Stat.* § 83.48 (1987). Tenants have since vacated the property. Landlord argues that the Lease/Option Agreement, for vacant land, was a nonresidential

tenancy that could be terminated by giving proper notice to tenants and that the Lease/Option Agreement allowed attorney's fees for the landlord only, so the court could not award attorney's fees to tenants. Tenants suggest that landlord leased them the property so they could put a mobile home on it, and thereby created a residential tenancy by operating a mobile home park.

The threshold issue at trial and on appeal is whether the Lease/Option Agreement created a residential tenancy governed by *Fla. Stat.* §§ 83.49-83.67 (1987). The trial court determined that landlord, by entering into the Rental-Purchase Agreement with knowledge that tenants were placing a mobile home on the property, operated a mobile home park within the meaning of *Fla. Stat.* § 723.002 (1987), thereby subjecting the property to the provisions of *Fla. Stat.* §§ 83.40-83.67 (1987) governing residential tenancies. Because the agreement was for vacant land, we find that the tenancy was a nonresidential tenancy governed by *Fla. Stat.* §§ 83.001-83.251 (1987). This finding alone does not automatically require reversal. The secondary issues are whether landlord properly notified tenant that the rental agreement was being terminated and whether landlord waived his right to terminate the agreement by accepting rent payments after giving tenants notice to vacate. We find that the notice terminating the rental agreement complied with *Fla. Stat.* § 83.03(3) (1987) and that landlord did not waive his right to terminate the agreement by accepting rent for the time period specified in the termination notice. Therefore, the decision of the trial court is reversed.

Landlord and tenants entered into a Lease/Option Agreement for vacant land. Tenants purchased a mobile that they moved onto the land. Tenants failed to pay for improvements to the land and failed to pay rent when it was due. On February 1, 1988, pursuant to *Fla. Stat.* § 83.03(3) (1987), landlord notified tenants of his intention to terminate the rental agreement effective February 29, 1988. Thereafter, tenant paid the January and February rent that was past due and refused to vacate, paying subsequent rent into the registry of the court.

The *Florida Mobile Home Act* applies only to tenancies where a mobile home is placed upon a rented or lease lot in a *mobile home park*. *Fla. Stat.* § 723.002 (1987). *Fla. Stat.* 723.003(6) (1987) defines mobile home park as "a use of land in which lots or spaces are offered for rent or lease for the placement of mobile homes in which the primary use of the park is residential." When the rental agreement is considered in the light of this definition, it is clear that landlord was not operating a mobile home park. Offering a single parcel of land for rent to a single mobile home owner is not covered by the definition. A

tenant cannot change the character of a tenancy from nonresidential to residential by placing a mobile home on the property. If this were true every rental of vacant land could be changed in this manner. Therefore, the *Florida Mobile Home Act* does not apply to this transaction.

When a written lease is payable monthly for an unlimited term, it can be terminated by giving fifteen days written notice. *Fla. Stat.* §§ 83.02; 83.03(3) (1987). Although the notice given by the landlord in this case does not state it is given pursuant to this statute, it is clear that the notice was not given pursuant to *Fla. Stat.* § 83.20(2) (1987) which allows tenant three days to pay rent or vacate. The clear language of the notice in this case advises the tenant to vacate in thirty days. The notice states nonpayment of rent as the reason for termination, but does not request payment of rent as a condition of tenant remaining in possession. Additionally, it is clear from the pleadings in the record that landlord intended to give notice under *Fla. Stat.* § 83.03(3) (1987) and intended to claim double rent for the time tenants remained in possession after the date of termination under *Fla. Stat.* § 83.06 (1987). For these reasons the notice complied with law and the landlord was entitled to possession.

Considering the issue of waiver, the court could find no Florida case on point, but the weight of authority in other jurisdictions supports the proposition that landlord can accept rent without waiving his right to terminate the tenancy so long as the rent does not extend beyond the time period specified in the termination notice. *See Krepcik v Tippett,* 710 P.2d 606 (Idaho App. 1985), *McCarthy v Harris,* 459 N.E.2d 1252 (Mass. App. 1984), *McCall v Fickes,* 556 P.2d 535 (Alaska 1976). *But see Williams v Clayton Park Mobile Home Court, Inc.,* 304 S.E.2d 483 (Ga.App. 1983) finding a waiver because rent was accepted before suit was filed. Whether there was a waiver by the landlord turns on intent. In this case landlord accepted rent for January and February that was due and owing, but refused to accept rent after March 1, 1988, the date when tenant was noticed to vacate. After March 1 tenant was liable for double rent pursuant to *Fla. Stat.* § 83.06 (1987). Suit was filed on March 10, 1988. Whether there was a waiver by the landlord turns on intent. From these actions we must necessarily conclude that no waiver was intended.

Appellant is entitled to a judgment for possession, unpaid rent for the time tenants remained in possession after the tenancy was terminated, attorney's fees for trial and attorney's fees for successful prosecution of this appeal. The decision of the trial court is REVERSED and the case REMANDED for further proceedings in accordance with this opinion. PETERSON, E. and TOMBRINK, R. concur.