A92A0535. CHOUINARD v. LEAH ENTERPRISES, INC.
(422 SE2d 204)

POPE, Judge.

This is the second appearance of this case before this court. In

*Leah Enterprises v. Chouinard*, 189 Ga. App. 744 (377 SE2d 514)
(1988) (*Leah I*), this court upheld the trial court's order finding plain-
tiff/landlord Alfred R. Chouinard was entitled to possession as a mat-
ter of law of premises which had been leased to defendant/tenant
Leah Enterprises, Inc. d/b/a Solutions. The case proceeded to trial on
Chouinard's claim for damages and Leah's counterclaim for conver-
sion. Judgment was entered on the jury's verdict awarding the land-
lord $5,830 principal and $583 attorney fees on his claim for amounts
owing under the terms of the lease and on the jury's verdict awarding
the tenant $6,140 compensatory damages and $25,000 punitive dam-
ages on its counterclaim. The landlord filed motions and amended
motions for new trial and JNOV, which were denied by order of the
trial court on October 3, 1991. The landlord timely filed his notice of
appeal to this court on October 23, 1991.

1. The tenant's action for conversion arose out of the landlord's
refusal to allow the tenant to re-enter the premises to remove certain
items used in operating the business known as Solutions. The record
shows the tenant continued to occupy the premises and run the busi-
ness from that site during the dispossessory proceedings and subse-
quent appeal to this court. On or about December 18, 1988, following
the issuance of this court's opinion in *Leah I*, the tenant began vacat-
ing the premises. The tenant intended to return the next day to re-
move the remainder of its property. However, an employee of one of
the other tenants in the shopping center where Solutions was located
broke into the bar overnight and committed acts of theft and vandal-
ism. The landlord thereafter refused to allow the tenant to enter the
premises or remove any of the property remaining therein. It is this
action by the landlord which forms the basis of the tenant's conver-
sion action which is the subject of this appeal.

The tenant posits it was entitled to remove the items remaining
in the building because they were personalty, not trade fixtures.
"Trade fixtures are articles annexed to the realty by a tenant for the
purpose of carrying on a trade . . . ." *Currin v. Milhollin*, 53 Ga.
App. 270, 272 (185 SE 380) (1936). Black's Law Dictionary defines
trade fixtures as "[a]rticles placed in or attached to leased property
by the tenant, to facilitate the trade or business for which he occupies
the premises, or to be used in connection with such business, or pro-
mote convenience and efficiency in conducting it." Black's Law Dic-
tionary, p. 638 (6th ed. 1990). See also *Ory v. Tate*, 211 Ga. 256 (1)
(85 SE2d 36) (1954). A review of the record in this case shows that
the items alleged to have been converted clearly fit the definition of
trade fixtures, not chattels or personalty.[1] The question thus

---

[1] The items were as follows: a grill cover frame, deep fryer, griddle, four stove burner,

presented in this case concerns the tenant's right to remove its trade fixtures once the term of the lease expired on October 31, 1987.

The parties agree that OCGA § 44-7-12 governs the issue of the tenant's right to remove its trade fixtures. That section provides that "[d]uring the term of his tenancy or any continuation thereof or while he is in possession under the landlord, a tenant may remove trade fixtures erected by him. After the term and his possession are ended, any trade fixtures remaining will be regarded as abandoned for the use of the landlord and will become the landlord's property." The tenant argues it was a tenant at will, i.e., its possession was "under the landlord," because the landlord continued to accept rent during the pendency of the dispossessory proceedings and while the case was originally on appeal to this court and also because the parties executed a consent agreement which specified the amount of monthly rent to be paid by the tenant during this period. However, a landlord has a right to accept rent from a tenant holding over during the pendency of dispossessory proceedings, and such acceptance does not change the nature of the tenancy from one at sufferance to one at will. *Allen v. Allen*, 154 Ga. 581 (4) (115 SE 17) (1922). It is clear that the rent in this case, as was the rent in *Cheeves v. Horne*, 167 Ga. App. 786 (307 SE2d 687) (1983), was "accepted merely because [the tenant] refused to vacate the premises and insisted upon his right to remain there pending resolution of the dispossessory proceedings." Id. at 788. Rent accepted under these terms does not amount to an acquiescence by the landlord of the tenant's possession of the premises. Accord *Main Station v. Atel I*, 190 Ga. App. 205, 207 (2) (378 SE2d 393) (1989). Consequently, the tenant had no right to remove its trade fixtures in this case once its rightful possession of the premises ended.

Although the result reached in this case may seem harsh, we note that the result would be the same if the question of the tenant's right to remove its trade fixtures was resolved under the terms of the parties' lease agreement. Paragraph 17 of the lease provides that the tenant may remove its trade fixtures prior to the expiration of the lease unless it is in default under the lease. In *Leah I* we held that the tenant in this case was in default and, therefore, was not entitled to exercise its option to renew the lease. Since the tenant was in default, the right to remove trade fixtures had also been extinguished. Consequently, a holding by this court that the tenant had the right to remove its trade fixtures once the lease expired would give the tenant greater rights than it would have enjoyed under the provisions of the parties' lease agreement.

---

soiled and clean dish tables, dishwasher stainless steel rack, bar top, neon transformers, office chair, ladder, waitress station, outside sign, ice machine, ice bin, and six to seven beer and wine kegs.

In sum, we agree with the landlord that the tenant in this case was not entitled to re-enter the premises for the purpose of removing the trade fixtures remaining therein. Therefore, the landlord's retention and subsequent disposal of the items remaining on the premises did not constitute a wrongful conversion of the tenant's property. The award of compensatory and punitive damages to the tenant arising out of the alleged conversion of its trade fixtures must therefore be reversed.

2. Because of our holding in Division 1, supra, it is unnecessary for us to address the landlord's remaining enumerations of error.

*Judgment reversed. Carley, P. J., and Johnson, J., concur.*

DECIDED JUNE 23, 1992 — RECONSIDERATIONS DENIED JULY 23, 1992 AND JULY 28, 1992 —

*Glenville Haldi,* for appellant.
*James W. Wilson,* for appellee.